350 A.2d 605.

STATE *vs.* STEVEN P. SLEZAK.

JANUARY 30, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

600

Doris, J. Steven P. Slezak was indicted on May 18, 1972, for the possession of cannabis in violation of G. L. 1956 (1968 Reenactment) §§21-28-3 and 21-28-31. The defendant filed a pretrial motion to suppress evidence which was based on a so-called "no-knock" entry pursuant to a valid search warrant. After a denial of the motion to suppress, trial was held before a Superior Court justice sitting without a jury. The defendant was found guilty and placed on probation for two years. The defendant has appealed to this court.

The record indicates that on May 18, 1972, State Police Detectives Leon Blanchette, Richard Sullivan, and other police officers participated in a narcotics raid at premises located on Post Road in North Kingstown. The premises were occupied by defendant and several other persons to whom Slezak had rented rooms. The police had a valid warrant to search the North Kingstown premises.

Detective Leon Blanchette testified that he and Detective Richard Sullivan entered the back porch on the premises and observed a screen door which was closed but unlocked. He opened the screen door and discovered

that the inner door, the entrance to the kitchen, was open. He then saw Slezak who he recognized as a person who formerly had lived in his neighborhood. Blanchette stated that Slezak knew that he was a State Police officer involved in drug investigations. He then stated that as he was crossing the threshold into the kitchen he identified himself and gave Slezak a copy of the search warrant and further identified himself and Detective Sullivan. Blanchette stated that after entering onto the porch, opening the screen door, and finding the inner door open and because he was in plain view of defendant, it would have been senseless to knock. He further stated that the information in possession of the police was that the drugs would be located in the bathroom in position to be discarded quickly, and also behind bricks in the fireplace as well as in individual rooms.

The defendant, Slezak, testified that he recognized Blanchette and Sullivan when they entered the kitchen, but that as they were coming in the door, he didn't know what was happening. The record indicates that the police found marijuana in a teapot in the kitchen, a few feet from where defendant was situated. The defendant told police that the teapot contained marijuana and that they would find a "little stuff" in the house. It is not disputed that a valid search warrant was issued to search the premises rented by defendant.

The defendant argues that since the police officers, although in possession of a valid search warrant, entered the premises without actually knocking on the door and announcing themselves and the purpose of their presence, such an entry was illegal and thereby invalidated the subsequent search which resulted in the discovery of marijuana.

It is well settled that in Rhode Island we follow the common law rule that an officer must first knock and

announce his identity and purpose and wait a reasonable period of time before he may break and enter into the premises to be searched. *State* v. *Carufel*, 112 R. I. 664, 314 A.2d 144 (1974); *State* v. *Johnson*, 102 R. I. 344, 230 A.2d 831 (1967).

It is equally well settled that under exigent circumstances, the rule is subject to certain qualifications and exceptions. An officer need not knock and announce when doing so will lead to destruction of the evidence or increase the peril to the officer's safety, where persons on the premises will escape, and finally, where the facts make it evident that the officer's purpose be known to those against whom the search is directed. *State* v. *Carufel, State* v. *Johnson*, both *supra.* The question to be decided is whether or not the circumstances are sufficient to bring the case within the exception set forth in *Carufel* and *Johnson*, both *supra.*

Detective Blanchette testified that he entered without knocking, stating that it would have been senseless to knock after opening the screen door and observing that the inside door was open, and also because the police were in possession of intelligence information that the drugs would probably be located in bathrooms in positions to be discarded quickly.

The defendant argues that the mere fact that a suspect may flush drugs down a toilet is insufficient to authorize a so-called "no-knock" entry. He also points out that the court confirmed this theory in *State* v. *Carufel, supra.* Compliance with the announcement requirements of the common law is excused not because of the particular crime involved, but because of the particular circumstances of the case giving rise to a reasonable belief that immediate action is necessary to prevent the destruction of physical evidence. *People* v. *De Santiago*, 71 Cal.2d 18, 453 P.2d 353, 76 Cal. Rptr. 809 (1969). Thus, a no-knock search

may be sustained, where the police on the basis of previously obtained information, supported by facts occurring at the scene, are aware that at the time they approach a particular premises to effectuate entry, they are confronted with an emergency situation. *People* v. *Dumas*, 9 Cal.3d 871, 512 P.2d 1208, 109 Cal. Rptr. 304 (1973). Here, apart from the information given Blanchette, the record is devoid of any evidence that persons within the house attempted to dispose of the marijuana. The case at bar differs from *State* v. *Johnson, supra,* in that, in that case there was movement within Johnson's residence which justified the officers' belief that heroin was being destroyed.

Detective Blanchette testified that as he came across the kitchen threshold he saw defendant and said, "This is Detective Sullivan. I think you know what we're here for Steve. We're going to advise you of your constitutional rights. Why don't you have a seat in the kitchen?" The state, arguing that there was no need to knock and announce, argues however, that by this statement Detective Blanchette did go through the formality of identifying himself and the purpose of his presence on the premises. We do not agree since the testimony of Detective Blanchette does not show any clear announcement of the purpose for which he was on the premises. We find nothing in the record to justify a conclusion that the officers either announced their purpose, nor do the facts clearly show that the purpose of the officers' presence on the premises was known to defendant. There is nothing in the record to justify the police officers' failure to comply with the common law requirement of knocking before entry as announced by this court in *State* v. *Carufel* and *State* v. *Johnson,* both *supra.*

When balancing an individual's right to privacy and the public's interest in the prosecution of crime and the apprehension of criminals, we are of the opinion that the

action of the police in the circumstances of this case was unreasonable. The entry by the police was illegal thereby invalidating the subsequent search and the evidence obtained should have been suppressed. The trial justice erred in denying defendant's motion to suppress since the evidence was the result of an illegal search.

The defendant's appeal is sustained, the judgment appealed from is reversed and the case is remitted to the Superior Court.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration and decision of this case.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.