**STATE**

v.

**Gelardo G. MASTRACCHIO.**

**No. 93–156–C.A.**

Supreme Court of Rhode Island.

Feb. 29, 1996.

tended.

---

**5.** Brother Flaxington was a counselor at St. Raphael's Academy, the high school that Amy at-

Annie Goldberg, Aaron Weisman, Assistant Attorneys General, for Plaintiff.

David N. Cicilline, Providence, for Defendant.

## OPINION

MURRAY, Justice.

This case comes before us on the appeal of the defendant, Gelardo G. Mastracchio (defendant), from judgments of conviction following a jury trial on three counts of possession of a controlled substance with intent to deliver,[1] two counts of receiving stolen goods,[2] and one count of possession of a firearm after a conviction of a violent crime.[3] On the three counts of possession of a con-

---

**1.** In violation of G.L.1956 (1982 Reenactment) § 21–28–4.01(A)(1), as amended by P.L.1982, ch. 151, § 1.

**2.** In violation of G.L.1956 (1982 Reenactment) § 11–41–2.

**3.** In violation of G.L.1956 (1982 Reenactment) § 11–47–5.

trolled substance with intent to deliver the defendant received thirty-year sentences to run concurrently; he received a one-year sentence to be served consecutively on each of the counts of receiving stolen goods, and a ten-year sentence to be served consecutively on the charge of possession of a firearm after a conviction of a crime of violence. We sustain the defendant's appeal in part and deny and dismiss it in part. A brief recitation of the facts follows. Further facts will be supplied in later sections of this opinion as needed.

At approximately 10 a.m. on September 7, 1984, members of the Rhode Island State Police executed a search warrant by using a ruse at defendant's apartment located in a elderly housing complex for the elderly at the Meshanicut Vista Apartments in Cranston. Trooper Linda Bailey (Bailey) testified that she knocked on the door to the apartment and told defendant's adult daughter, Elizabeth Dobson (Dobson), that she may have damaged defendant's car in the parking lot. She was wearing plain clothes and did not identify herself as a state trooper. Dobson turned the handle to the door, and Bailey entered the apartment along with four other members of the State Police, including Sergeant Leon Blanchette (Blanchette). Blanchette testified that as he entered the apartment, he "probably" pushed the door open with his hand or his body. He identified himself as a member of the state police and stated that he had a warrant to search the apartment. Once inside the apartment, Blanchette and other members of the State Police conducted an extensive search of the apartment and seized a number of items including illegal drugs, handguns, scales, and cash. The defendant and William Pellegrino, who were both present in the apartment when the search warrant was executed, were arrested.

On November 5, 1984, defendant was charged by criminal indictment No. P1/84–2896 with eleven crimes relating to alleged drug trafficking. He was tried before a Superior Court jury commencing on October 28, 1985, on eight counts of the indictment; the remaining three counts were dismissed prior to trial. The defendant was convicted of three counts of possession of a controlled substance with intent to deliver, two counts of receiving stolen goods, and one count of possession of a firearm after a conviction of a crime of violence. The defendant was acquitted on two other counts of delivery of a controlled substance.

Following defendant's convictions and his sentencing in the Superior Court, a timely notice of appeal was filed; however, his appeal was never perfected. The defendant thereafter petitioned this court for writ of habeas corpus wherein he argued that his confinement without review was illegal. In an order filed on May 20, 1993, this court remanded the matter to the Superior Court for a hearing and findings of fact with respect to the circumstances surrounding the failure to prosecute the appeal. On June 29, 1993, a Superior Court motion justice determined that defendant had lacked the benefit of legal counsel and in no way intended to waive his right to appeal his convictions. The defendant was thereafter appointed counsel for the instant appeal.

On appeal defendant first argues that the trial justice erred in denying his motion to suppress the fruits of the search performed by the police. The defendant avers that the search-warrant execution by the police was unconstitutional because the police had failed to knock and announce their identity and purpose prior to entering the apartment. The state maintains that in the circumstances of the instant case, the police were not obligated to follow the knock-and-announce requirement because their entry was gained without force and by a ruse.

The knock-and-announce requirement evolved from common law and mandates that an officer must first knock and announce his or her identity and purpose and wait a reasonable length of time before he or she may break and enter into the premises to be searched. *State v. Slezak*, 115 R.I. 599, 601–02, 350 A.2d 605, 606 (1976); *State v. Carufel*, 112 R.I. 664, 667–68, 314 A.2d 144, 146 (1974); *State v. Johnson*, 102 R.I. 344, 351, 230 A.2d 831, 835 (1967). This rule is, however, subject to certain exceptions. We have held that an officer need not knock and announce when doing so will lead to the

destruction of evidence or increase the peril to the safety of the officers or others or when persons on the premises will escape. Moreover, the rule does not apply in situations in which the facts make it evident that the officer's purpose is known to those against whom the search warrant is directed. *Carufel,* 112 R.I. at 668, 314 A.2d at 146.

Although the origin of this rule is founded in the common-law, the rule itself has constitutional dimensions. The knock-and-announce requirement is embodied in the Fourth Amendment to the United States Constitution and is therefore applicable to the states through the Fourteenth Amendment. *See Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The purpose of the rule is to ensure that an individual's right to privacy will not be arbitrarily violated. "An individual should be given the opportunity to be apprised of an officer's authority and of the purpose for which he [or she] seeks to gain entrance to his [or her] home and be allowed the opportunity to voluntarily admit the officer into his [or her] home." *Carufel,* 112 R.I. at 668, 314 A.2d at 147.

In *Wilson v. Arkansas,* 514 U.S. ——, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), the United States Supreme Court recently expanded its interpretation of the knock-and-announce rule and held that this principle is an element of the reasonableness inquiry under the Fourth Amendment to the United States Constitution. The Court further held that although a search of or a seizure in a dwelling might be constitutionally defective if police officers enter without prior announcement, law enforcement interests may also establish the reasonableness of an unannounced entry. *Id.* at ——, 115 S.Ct. at 1919, 131 L.Ed.2d at 984. However, even under *Wilson,* not every entry by police need be preceded by announcement. Indeed, the Court specifically rejected mandating a rigid interpretation of the rule that ignores countervailing law enforcement interests. *Id.* at ——, 115 S.Ct. at 1918, 131 L.Ed.2d at 982.

The state maintains that the ruling of the trial justice below should be affirmed because the circumstances of this case established the necessity of the police using a ruse and justified the unannounced entry. It is the state's position that a ruse was necessary in the instant case in order to preserve the police officers' personal safety and to prevent the destruction of evidence by announcing police presence.

These considerations may very well provide the necessary justification for the unannounced entry in this case. However, the trial justice in the instant case did not articulate any factual findings either in speech or in writing in regard to his ruling denying defendant's motion to suppress in the first instance. The trial justice's denial of defendant's motion to suppress is therefore vacated. We remand the case to the Superior Court in order to allow the trial justice to enter findings of fact and to make the determination in the first instance of whether the unannounced entry by police was reasonable under the Fourth Amendment.

The second issue that defendant raises is that the trial justice erred in denying his motion to pass the case on the basis of the state's display before the jury of two guns and four bullets. It is defendant's contention that the relevancy of the items to the charges against him was outweighed by the prejudicial effect they had on the jury. He maintains that because the curative instruction given by the trial justice was insufficient to diminish the impact of the evidence upon the jury he was therefore denied a fair trial.

In this case defense counsel made a motion to pass the case after the prosecutor attempted to introduce into evidence the two handguns and four bullets during Blanchette's testimony. The items were seized from the bathroom of defendant's apartment during the execution of the search warrant and were contained in a clear plastic bag the contents of which may have been visible to the members of the jury. The items did not, however, constitute part of the indictment against defendant. After the first handgun was identified by Blanchette, defense counsel objected and moved to pass the case.

After hearing counsels' arguments on the motion to pass, the trial justice found as a fact that the items in question were not relevant to any of the charges against defen-

dant, and the items were never admitted into evidence as exhibits. He noted, however, that the prosecutor did present the bag to defense counsel prior to showing the first gun to Blanchette that and therefore, defendant was aware of the contents of the bag. The trial justice further noted that after being shown the contents of the bag, defense counsel neither requested an opportunity to be heard on a motion in limine to preclude the admission of the items into evidence nor did defense counsel request an opportunity to be heard on the relevancy of the items presented. Instead, defense counsel waited until the first gun was presented to Blanchette and then moved to pass the case. In these circumstances the trial justice concluded that defendant was not being denied a fair trial. He thereafter rendered the following admonition to the jury:

"Now ladies and gentlemen, yesterday you heard reference to certain items that were seized by the police from the bathroom of Apartment # 119, 225 New London Avenue. Specifically, the witness testified that he identified certain items to be a handgun and cartridges.

"Ladies and gentlemen of the jury, there is no evidence that would support any finding that this defendant, Gelardo Mastracchio, did have in his possession those items on that day at that apartment. Those items seized are not relevant to any issue to be decided before you, and you are instructed to totally disregard any reference to what might have or what have not been taken from the bathroom of Apartment # 119.

"Now, I'm going to ask you candidly. Do any of you think you would have a problem accepting the Court's instructions and totally ignoring what had been marked as an item, being a handgun and certain cartridges? Can all of you completely erase it from your deliberations and only decide from the evidence that is properly presented to you whether or not this defendant is guilty or not guilty of charges unrelated to what might or might not have been taken from the bathroom? Does anybody have a problem?"

Following a negative response by the members of the jury, a sidebar conference fol-lowed wherein defense counsel expressed to the trial justice that he believed the curative instruction may have done nothing more than highlight the fact that guns were seized from defendant's apartment and further create an inference that defendant might have possessed those guns at another time. In response to defense counsel's statements, the trial justice proposed to admonish the jury further that no evidence existed that defendant had possessed the guns at any other time. After this instruction to the jury Blanchette resumed the witness stand.

■■■■■ Our standard of review of a trial justice's determination to deny a motion for a mistrial has been articulated on numerous occasions. Generally we consider that a motion to pass a case and declare a mistrial rests within the sound discretion of the trial justice and will not be disturbed on appeal unless it can be shown that the trial justice was clearly wrong. *State v. Tempest*, 651 A.2d 1198, 1207 (R.I.1995); *State v. Martinez*, 624 A.2d 291, 294 (R.I.1993); *State v. Brown*, 619 A.2d 828, 831 (R.I.1993). We have also stated that in considering a motion for a mistrial, the trial justice should determine whether the evidence was of such a nature as to cause the jurors to become so inflamed that their attention was distracted from the issues before them. *Brown*, 619 A.2d at 831 (citing *State v. Travis*, 568 A.2d 316, 321 (R.I.1990); *State v. Brown*, 522 A.2d 208, 210–11 (R.I.1987)).

■■■■ On the basis of the record in this case we do not conclude that the trial justice abused his discretion in denying defendant's motion to pass the case. The trial justice had a front-row seat at this trial and through the curative instruction attempted to minimize the prejudice that could have been created by the jurors' viewing the items the state attempted to admit into evidence. Moreover, although some jurors may have observed both the guns and the bullets, only one gun was specifically identified by Blanchette, and we note that the items were never admitted into evidence for any purpose. In light of the totality of the circumstances, we regard the trial justice's cautionary instruction as effective and timely. *Brown*, 619 A.2d at 831. The trial justice

was not clearly wrong in denying the motion for a mistrial.

We next address defendant's contention that the trial justice erred in denying his motion to dismiss the indictment or to declare a mistrial on the basis of prosecutorial misconduct.[4] Defense counsel alleges that the prosecutor's attempt to introduce the items into evidence constituted misconduct. He contends that the prosecutor should have been aware that the items would not be admissible because of their lack of relevance, notwithstanding the prosecutor's representation to the court that he had sought to use the items because of the nature of the case and his belief that the items were pertinent to the pending charges. Following arguments by counsel outside the presence of the jury, the trial justice found that the prosecutor did not deliberately attempt to have irrelevant evidence introduced that was so prejudicial as to deny defendant a fair trial.

■■■ In respect to an allegation of prosecutorial misconduct, this court subscribes to the view expressed by United States Supreme Court that prosecutorial misconduct may "so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Mastracchio*, 612 A.2d 698, 702 (R.I.1992) (quoting *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 3109, 97 L.Ed.2d 618, 630 (1987)). To constitute a due-process violation, the prosecutorial misconduct must be of "sufficient significance to result in the denial of the defendant's right to a fair trial." *Id.* at 703 (quoting *United States v. Agurs*, 427 U.S. 97, 108, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342, 352 (1976)).

■■■ We find no evidence exists in the record before us which would demonstrate any proof of prosecutorial misconduct that would rise to the level sufficient to constitute a due-process violation. We again note that the prosecutor did in fact show the items to defense counsel prior to introducing the first gun to Blanchette and that, therefore, defense counsel had the opportunity to object to the introduction of the items into evidence

by a motion in limine. Defense counsel failed to do so. Moreover, the trial justice rendered a curative instruction, which in our opinion sufficiently safeguarded defendant's rights. As did the trial justice, we find no evidence of a deliberate attempt by the prosecutor to have unarguably irrelevant evidence admitted. In these circumstances, we cannot say that the trial justice erred in declining to dismiss the indictment or to declare a mistrial on the basis of prosecutorial misconduct.

The next issue that defendant raises is whether the trial justice erred in qualifying Blanchette as an expert in the identification of narcotics paraphernalia. Blanchette was permitted to testify that a number of items seized from defendant's apartment were of the kind typically used in the illegal processing and distribution of narcotics. For example, Blanchette was permitted to testify that a scale seized from the apartment was "used to weigh drugs" and that a scanner seized by police may have been utilized "to listen in on police radio calls." Defense counsel objected that narcotic paraphernalia was not a recognized field of expertise and that the witness's training did not demonstrate specialized knowledge. Further, defendant maintains that the evidence did not establish the need for expert testimony in this area.

■■■ The qualification of witnesses as experts in a particular field is a matter that rests solely within the discretion of the trial justice and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Usenia*, 599 A.2d 1026, 1032 (R.I. 1991); *Leahey v. State*, 121 R.I. 200, 202, 397 A.2d 509, 510 (1979). "In determining whether a witness is qualified, the trial justice considers evidence of a witness's education, training, employment, or prior experiences." *Usenia*, 599 A.2d at 1033 (citing *State v. Villani*, 491 A.2d 976, 979 (R.I.1985)).

This court has stated that the use of expert testimony is premised upon "the principle that helpfulness to the trier of fact is the most critical consideration." *State v. Chiellini*, 557 A.2d 1195, 1201 (R.I.1989). This

---

4. This issue is numbered 5 in defendant's brief. Because this issue is related to the preceding

issue, we shall address it as the third issue in this opinion.

premise is consistent with the provisions of Rule 702 of the Rhode Island Rules of Evidence. Rule 702 states "If scientific, technical, *or other specialized knowledge will assist the trier of fact* to understand the evidence or to determine a fact in issue, a witness qualified as an expert by *knowledge, skill, experience, training, or education,* may testify thereto in the form of fact or opinion." (Emphasis added.)

■ In the instant case the record is replete with evidence which demonstrates that Blanchette could be qualified as an expert. Specifically this evidence includes his teaching and his various course work in the field of narcotics. Additionally Blanchette had extensive experience through his employment as a detective sergeant in the narcotics unit of the Rhode Island State Police, a position he had held for thirteen years at the time of the trial. Through his employment, Blanchette has investigated hundreds of cases involving narcotics activity. Moreover, on previous occasions he had testified as an expert in narcotics paraphernalia.

■ Here defendant was on trial for various drug-related charges. We are of the opinion that the jury in the instant case would be assisted by Blanchette's specialized knowledge concerning the use of such seemingly innocuous items as a scale and scanner in illegal drug trafficking. We therefore conclude that the trial justice did not abuse his discretion in permitting Blanchette to testify as an expert in the identification of narcotics paraphernalia.

In his next claim of error on appeal, defendant argues that the trial justice erred in not giving the jury an immediate limiting instruction after evidence was admitted concerning a prior conviction of defendant. At trial the state introduced evidence that defendant had previously been convicted of assault with a dangerous weapon in order to establish the pending charge of possession of a firearm after conviction of a crime of violence in violation of G.L.1956 (1981 Reenactment) § 11–47–5. The trial justice did not give an immediate limiting instruction to the jury at the time the evidence was introduced but instead addressed this matter in his final

charge to the jury. The jury was instructed as follows:

"Ladies and gentlemen, the fact that the defendant has been previously convicted of a crime of assault with a dangerous weapon was received into evidence *for the sole purpose of establishing one of the essential elements of this last crime I mentioned to you and is otherwise without probative value.* The fact that * * * Mr. Mastracchio [ ] had a previous conviction [ ] does not mean in and of itself that he is a bad person, and that the evidence should be used against him only in considering his guilt or his innocence on that particular charge. It in no way should be considered as it relates to the other charges for which he is accused." (Emphasis added.)

The defendant asserts that the trial justice's failure to furnish this instruction, sua sponte, immediately after the evidence was elicited before the jury constitutes reversible error necessitating a new trial.

■ We conclude that no immediate limiting instruction was required and dismiss defendant's claim on both procedural and substantive grounds. At the outset we note that defense counsel did not request an immediate cautionary instruction at the time the evidence was introduced, nor did he dispute the adequacy of the instruction which was delivered by the trial justice in his final charge by suggesting that the instruction should have been rendered earlier in the proceedings.

■ We have on numerous occasions stated that issues that have not been raised at trial are not properly preserved for appellate review. *Tempest,* 651 A.2d at 1216; *State v. Cardoza,* 649 A.2d 745, 748 (R.I. 1994). We have, however, recognized an exception to the waive-or-raise rule in instances wherein basic constitutional rights are concerned. For the exception to apply, the error complained of must go beyond the level of harmless error. "The record must be 'sufficient to permit a determination of the issue', and counsel's failure to raise the issue must be premised upon a 'novel rule of law that counsel could not reasonably have known during the trial.'" *State v. Donato,* 592 A.2d 140, 142 (R.I.1991). We find the

matter before us does not constitute such an exception.

It cannot be said on the record before us in the instant case that an earlier limiting instruction would have affected the outcome, especially in light of the thorough limiting instruction that was given in the trial justice's final charge.

 Moreover, the evidence concerning defendant's prior conviction was admitted solely for the purpose of establishing an essential element of the crime of possession of a firearm after conviction of a crime of violence for which defendant was on trial.[5] The defendant's prior conviction was not admitted to impeach defendant's credibility, nor was it admitted for any other purpose. Therefore, we conclude that the trial justice was under no obligation to issue an immediate limiting instruction sua sponte.

In his last assertion of error on appeal, defendant argues that the trial justice erred in denying his motions for judgment of acquittal. At the close of the state's case defendant made a motion for judgment of acquittal on all counts of the indictment on the basis that the state had not presented sufficient evidence to establish defendant's guilt. In respect to counts 1 through 3, all charging defendant with possession of a controlled substance with intent to deliver, defendant specifically argues that the state did not proffer any evidence that defendant was not a drug-dependent person. In respect to counts 6 and 7, charging defendant with possession of stolen goods, defendant argued that the state had failed to establish that defendant possessed the items with knowledge that they were stolen. Finally, in respect to the last count charging defendant with possession of a firearm after a conviction of a crime of violence, defendant argued that the state had not presented any evidence that he was actually in possession of the firearm.

 In ruling on a motion for judgment of acquittal, a trial justice "must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw all reasonable inferences that are consistent with guilt." *State v. Clark*, 603 A.2d 1094, 1097 (R.I.1992). This court, in reviewing a trial justice's denial of a motion for judgment of acquittal, applies the same standards in determining whether that decision was correct. *State v. Henshaw*, 557 A.2d 1204, 1206 (R.I.1989). If that examination reveals sufficient evidence to warrant a jury verdict of guilt beyond a reasonable doubt, the trial court was correct in denying the motion. *Clark*, 603 A.2d at 1097–98.

 Applying the foregoing principles to the instant case, we find that trial justice properly denied defendant's motions for judgment of acquittal. In respect to the first three counts, defendant contends that the state failed to present any evidence that defendant was not a drug-dependent person. The statute under which defendant was charged is G.L.1956 (1982 Reenactment) § 21–28–4.01(A)(1), as amended by P.L.1982, ch. 151, § 1. The type of controlled substances were heroin, Dilaudid and cocaine. Section § 21–28–4.01(A)(1) provides:

"(A) Except as authorized by this chapter, it shall be unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.

(1) Any person who is not a drug dependent person, as defined in § 21–28–1.02(15), who violates this subsection with respect to a controlled substance classified in schedules I or II, except the substance classified as marijuana, is guilty of a crime and upon conviction may be imprisoned to a term up to life."

We have previously indicated that the state establishes a violation of § 21–28–4.01(A) by proving that "(1) there was an unlawful delivery of a controlled substance and (2) the defendant caused the unlawful delivery." *State v. Padula*, 551 A.2d 687, 690 (R.I.1988). The fact of a defendant's drug dependency or

---

5. The statute under which defendant was charged is § 11–47–5 and provides in part "No person who has been convicted in this state or elsewhere of a crime of violence or who is a fugitive from justice * * * shall purchase, own, carry, transport or have in his possession or under his control any firearm."

nondrug dependency is not an element of the offense proscribed by the statute and hence not required to be proven under the statute. *Id.* Nevertheless, in the instant case the evidence set out by Blanchette's testimony revealed that no items were recovered from defendant's apartment which are typically used by drug-dependent persons. The jury could therefore reasonably infer that defendant was not a drug-dependent person. Accordingly we reject defendant's contention that he was entitled to a judgment of acquittal because the evidence did not establish that he was not a drug-dependent person.

In respect to defendant's contention that the trial justice erroneously denied his motion for judgment of acquittal for the counts charging him with receiving stolen goods, specifically a digital scale and a .357 Magnum pistol, we find that the evidence adduced at trial warranted sending these counts to the jury. The evidence established that the scale had been reported stolen from the Community College of Rhode Island and was seized from defendant's apartment. Similarly, the pistol had been stolen during a housebreaking and was found by police under defendant's bed. This evidence, when viewed in the light most favorable to the state, was sufficient to allow the jury to infer defendant's guilt beyond a reasonable doubt.

Finally, in respect to the last charge, possession of a firearm after a conviction of a crime of violence, we are persuaded that the evidence established during the proceedings enabled the jury to infer that the defendant was guilty of the crime beyond a reasonable doubt. It is well established that "possession of an object can be either actual or constructive." *State v. Jenison,* 442 A.2d 866, 875 (R.I.1982). "Constructive possession of an object occurs when an individual exercises dominion and control over such object even though it is not within his [or her] immediate physical possession." *Id.* Upon review of the record we conclude that the evidence in the instant case was sufficient to establish the defendant's constructive possession of the firearm. The evidence clearly established that the gun was seized from the defendant's apartment over which he exercised dominion and control and further that the defendant had been previously convicted of a crime of violence.

For these reasons the defendant's appeal is sustained in regard to the trial justice's order denying his motion to suppress. That order is vacated, and we remand the case to the Superior Court in order to allow the trial justice to enter findings of fact and to make the determination of whether the unannounced entry by police was reasonable under the Fourth Amendment. We deny and dismiss the remaining issues of alleged error raised by the defendant. The papers of the case are remanded to the Superior Court for further proceedings.