DECISION
The above-captioned cause comes before me as a result of the Supreme Court's decision remanding said case to the Superior Court trial justice for the purpose of "allowing the trial justice to enter findings of fact and to make the determination of whether the unannounced entry by the police was reasonable under the Fourth Amendment".
In response to the remand, counsel for both the State and the Defendant agreed the Court could examine the transcript of the proceedings of October 8, 10 and 11, 1985; the briefs filed in the Superior Court in State v. Gelardo Mastracchio, Sr., No. 93-156; the defendant's supplemental memorandum filed December 15, 1985; and the memorandum of law submitted on the `knock and announce requirement' (See Defendant's Submission in Support of Motion to Suppress Physical Evidence). In addition, counsel were given the opportunity to present oral argument in support of their respective positions on August 1, 1996.
After reviewing the documents submitted, and after counsidering [considering] the arguments of counsel, I find the following facts to be proven:
On September 7, 1984 at 10:00 Am, the Rhode Island State Police executed a search warrant by using a ruse at the defendant's apartment located in an elderly housing complex for the elderly at the Meshanticut Vista Apartments in Cranston. Gelardo Mastracchio has been a violent criminal offender as early as 1943 when he was convicted of rape. In 1970 he was convicted of felony/murder and robbery. In addition, as a result of information obtained through an informant in which he related the appellant's criminal activities, as well as his desire to stay out of prison, said information reasonably led the Rhode Island State Police to question their safety. The informant also told them that the presence of one-way mirrors and the officer's preliminary observation confirmed the existence of reflective surfaces around or on the windows, which may render a frontal, straightforward knock and announce procedure less effective. Sergeant Blanchette reasonably determined that the safest and most effective method of entry was to try a ruse. Trooper Bailey testified that she knocked on the door to the apartment and told the defendant's daughter that she may have damaged the defendant's car in the parking lot. She was wearing plain clothes and did not identify herself, at that time, as a police officer. Trooper Bailey further testified that as the door opened she moved aside, away from the door and heard Sergeant Blanchette identify himself and his purpose. Sergeant Blanchette testified that the door was opened by the defendant's daughter about a foot and that he probably pushed the door further open with his hand or body. He further testified that as he was going inside across the threshold of the door, he announced his purpose and identity. Once inside, Blanchette and the other State Troopers conducted an extensive search of the apartment and seized a number of items including illegal drugs, handguns, scales and cash.
The modern knock and announce rule derived from the common law which required an arresting sheriff to knock and identify themselves and allow the party to open doors before he could break inside to perform his duties. Seymaynes Case, 5 Co. Rep. 91a, 916, 77 Eng. Rep. 194, 195 (K.B. 1603). Today, the knock and announce rule prohibits federal, state and local law enforcement agents from breaking into a party's home without first identifying themselves and their purpose and then allowing a reasonable amount of time for the party to open the door. Statev. Slezak, 115 R.I. 599, 601-02, 350 A.2d 605, 606 (1976);State v. Carufel, 112 R.I. 664, 667-68, 314 A.2d 144, 146 (1974); State v. Johnson, 102 R.I. 344, 351, A.2d 831, 835 (1967).
The rationale behind allowing an occupant the right to be informed as to the presence, identity and purpose of a law enforcement agent and, further, in allowing a reasonable response time, is ultimately for the protection of life, property and the respect for individual privacy.
The highest goal under the Constitution is the preservation of life, and the knock and announce rule is aimed specifically at the reduction of violence to the officers serving the warrant, as well as to the occupants of a home. The risks of knocking and announcing one's authoritative right to search a private premises is inherently risky and dangerous to the officers attempting to perform this task. However, an unannounced violent breaking into a residence in which there is suspected criminal activity greatly increases the risk to policeman and occupant. As a result, "an unannounced breaking may provoke citizens to exercise their general right to repel intruders by force". United States v.Bustamante-Gamez, 488 F.2d 4. The ultimate goal, therefore sought, is the procedure by which there is the least amount of risk to human life.
Another purpose for the knock and announce rule is to guard against the needless destruction of private property. An occupant must be allowed to respond to the announcement of presence, identity and purpose before his property, initially his door, is destroyed upon break-in. Miller v. United States, 357 U.S. 301, 307, 78 S.Ct 1190, 1194, 2 L.Ed.2d 1322.
The last goal of the knock and enter rule is that there should be the utmost respect for the individual's right for privacy in his own house. Id. at 313. An unannounced intrusion or an unauthorized or unwarranted break-in completely compromises the sanctity of man's home as his "castle of defenses and asylum". 3W. Blackstone, Commentaries *288.
The courts have recognized that there are exceptions to the knock and announce rule in exigent circumstances. For example, the rule need not be followed if the announcement would produce resistance, if it will permit escape, or if it will result in the destruction of evidence. Ker v. California, 357 U.S. 23. The Court did not refer specifically or even generally allude to the use of a ruse to gain entry; however, it did state that there are legitimate law enforcement interests which may justify non-compliance with the knock and announce rule. Id. at 28.
In Wilson v. Arkansas, decided by the U.S. Supreme Court on May 22, 1995, the Court recognized the knock and announce principle is a part of the reasonableness requirement of the Fourth Amendment and, as such, police officers are obligated to announce their presence prior to entering. But said a unanimous Court, announcement is not required before every entry. Justice Thomas wrote:
 "The Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests. As even petitioner concedes, the common law principle of announcement was never stated as an inflexible rule requiring announcement under all circumstances."
The use of a ruse, or as the courts sometimes call it, the use of subterfuge or misrepresentation, is basically the use of a misrepresentation of identity by the law enforcement agents to gain a more peaceable access to a dwelling which they wouldn't ordinarily have gained had the occupant known their true identity. The use of a ruse will usually conform to the aforementioned purposes behind the knock and announce rule; however, it depends upon the individual facts specific to each case. In many or most circumstances, obtaining a peaceful confrontation with the occupant through a successfully executed ruse, completely eliminates th [the] need to break-in, eliminates any possibility of damage to private property and further, "reduces the likelihood that the occupants will be able to destroy the evidence, flee or arm themselves against the officers." United States v. Covington, 385 A.2d 164, 167 (D.C. 1978). The fact that initial contact between the party and police is accomplished by way of a ruse, in which the occupant opens the door with a calm disposition because he is not expecting the police to be on the other side, eliminates any "real likelihood of violence" as would be the case with an unexpected entry.Commonwealth v. Goggin, 587 N.E.2d 785 (Mass. 1992). The respect for privacy is also preserved in the fact that an individual who voluntarily opens the door expecting someone else, voluntarily surrenders their privacy to the person on the other side of the door. Commonwealth v. Regan, Pa. Super., 386 A.2d 89. The possibility of violence, of property damage and of infringement on individual privacy in using a ruse as opposed to unexpected entry is obvious but, in many and most situations, there is also a decreased risk in the use of a ruse as compared to following the knock and announce rule.
After the announcement of presence and purpose and identity, and allowing a reasonable amount of time for the occupant to answer, the police officers are authorized to break in using any reasonable forces at their disposal. 18 U.S.C. § 3109. However, this escalation of a situation can be obviated by the use of a ruse in which the reasons underlying their notice requirement can be fulfilled to a greater extent, in many cases, than they can under the knock and announce rule.
In the instant case all three ideals or goals of the knock and announce rule were satisfied. The possibility of violence inherent in a break-in was greatly diminished in this use of a ruse. Detective Bailey, in stating that she damaged the defendant's car in the parking lot was the method of entry least likely to motivate or encourage a known violent offender to a dangerous confrontation. The fact that the door was opened by the appellant's daughter, according to the police officer's testimony, eliminated the possibility of any damage to private property caused as a result of a break-in or unannounced intrusion by the police. Lastly, the defendant's daughter, Elizabeth Dobson, in voluntarily opening the door, surrendered or waived her right to privacy to whoever she thought was inquiring about damage to her father's car. Commonwealth v. Regan, Pa. Super., 386 A.2d 89.
The purposes behind the knock and announce rule were satisfied by the Rhode Island State Police officers in their use of a ruse to gain entry to the appellant's dwelling. As a result of using a ruse, the appellant's privacy was respected, although it was voluntarily waived in response to the ruse; his property was not needlessly damaged due to the nondestructive manner of entry. In addition, the manner determined by Sergeant Blanchette to be the least likely to cause a violent confrontation between the appellant and the police officers was this use of a ruse.
Here, the door was opened, according to police testimony, about a foot. Announcement of identification and purpose came during entry as Sergeant Blanchette pushed the door further open to allow easier accessibility. This is not a case of all the officers pointing their guns at the person opening the door, which would certainly be a motivation to keep the door stationary. The ruse employed by Sergeant Blanchette in this execution of a valid search warrant was successful, in that the door was opened by the appellant's daughter as a direct result of the ruse. Sergeant Blanchette then announced their identity and purpose. The force used to gain entry was not substantial to fight resistance by the appellant's daughter, because there was no resistance. It was merely enough to push the door further open to gain access.
Once the use of the ruse resulted in the appellant's daughter voluntarily opening the door, entry was gained peacefully; no force was used in this process. The police officers made their announcement during passage through the door.
The Rhode Island State Police had a valid search warrant. Although there was a slight clerical error, it was resolved to the full requirement of the law before the officers approached the door.
"The use of the ruse to obtain entry was a precaution to avoid injury to themselves and a violent confrontation". State v.Iverson, 272 N.W. 2nd. The Rhode Island State Police made the announcement during entry and used a reasonable amount of force simply to open the door to enable easier access.
Based on the evidence presented and the law to be applied, I find the conduct of the Rhode Island State Police in using a ruse to gain entry to this dwelling occupied by a known violent offender to be reasonable in the circumstances of this case and not in violation of the Fourth Amendment.