**STATE**

v.

**Gelardo G. MASTRACCHIO, Sr.**

No. 97–619–C.A.

Supreme Court of Rhode Island.

Nov. 23, 1998.

Annie Goldberg, Aaron L. Weisman, Providence, for plaintiff.

David N. Cicilline, Bristol, Dianne L. Izzo, N. Kingstown, for defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

The sole issue on this appeal is whether the trial justice erred in determining that state police officers did not violate the defendant's Fourth Amendment rights by failing to "knock and announce" before they entered the defendant's home to execute a search warrant. The defendant, Gelardo G. Mastracchio, Sr., appeals from judgments of conviction on three counts of possession of a controlled substance with intent to deliver (G.L.1956 § 21–28–4.01(A)(1)), two counts of receiving stolen goods (G.L.1956 § 11–41–2), and one count of possession of a firearm after conviction of a violent crime (G.L.1956 § 11–47–5). We ordered the parties to show cause why we should not decide the appeal summarily. None having been shown, we proceed to dispose of the appeal without further briefing or argument.

This is the second time we have considered an appeal by this defendant from his convic-

tions. In *State v. Mastracchio*, 672 A.2d 438 (R.I.1996), we denied his appeal as to all issues other than whether the trial court erred in denying his motion to suppress the fruits of an allegedly illegal search. *See id.* at 448. The defendant had claimed that state police officers violated his Fourth Amendment rights by failing to "knock and announce" before they entered his home. We determined that the trial justice had failed to make findings of fact concerning that issue, and that he had not made an initial determination as to whether the unannounced entry by the police was reasonable under the Fourth Amendment. *See id.* at 443. As a result, we sustained defendant's appeal, and remanded the matter to the Superior Court for specific findings and an initial ruling.

On remand, the parties presented oral argument on the "knock-and-announce" issue to the trial justice, who also reviewed the trial transcript and the parties' memoranda. He then rendered a decision that included the following factual findings which defendant does not appear to dispute:

"On September 7, 1984 at 10:00 a.m., the Rhode Island State Police executed a search warrant by using a ruse at the defendant's apartment located in an elderly housing complex for the elderly at the Meshanticut Vista Apartments in Cranston. Gelardo Mastracchio has been a violent criminal offender as early as 1943 when he was convicted of rape. In 1970 he was convicted of felony/murder and robbery. In addition, as a result of information obtained through an informant in which he related [Mastracchio's] criminal activities, as well as his desire to stay out of prison, said information reasonably led the Rhode Island State Police to question their safety. The informant also told them that the presence of one-way mirrors and the officer's preliminary observation confirmed the existence of reflective surfaces around or on the windows, which may render a frontal, straightforward knock and announce procedure less effective. Sergeant Blanchette reasonably determined that the safest and most effective method of entry was to try a ruse. Trooper Bailey testified that she knocked on the door to the apartment and told the defendant's daughter that she may have damaged the defendant's car in the parking lot. She was wearing plain clothes and did not identify herself, at that time, as a police officer. Trooper Bailey further testified that as the door opened she moved aside, away from the door and heard Sergeant Blanchette identify himself and his purpose. Sergeant Blanchette testified that the door was opened by the defendant's daughter about a foot and that he probably pushed the door further open with his hand or body. He further testified that as he was going inside across the threshold of the door, he announced his purpose and identity. Once inside, Blanchette and the other State Troopers conducted an extensive search of the apartment and seized a number of items including illegal drugs, handguns, scales and cash."

On the basis of these factual findings, and after applying relevant state and federal case law, the trial justice ruled that the use of a ruse by the police to gain entry into defendant's apartment was reasonable, and that it did not amount to a violation of the Fourth Amendment. He noted first that "[t]he possibility of violence inherent in a break-in was greatly diminished." Next, he found that the ruse caused defendant's daughter to open the door, which "eliminated the possibility of any damage to private property caused as a result of a break-in or unannounced intrusion by the police." Also, he determined that defendant's daughter, in voluntarily opening the door, "surrendered or waived her right to privacy." Finally, the trial justice held that once defendant's daughter opened the door, the police announced their identity and purpose and pushed open the door with no resistance.

On defendant's first appeal, we commented at some length on the knock-and-announce rule and its exceptions, noting that:

"This rule is, however, subject to certain exceptions. We have held that an officer need not knock and announce when doing so will lead to the destruction of evidence or increase the peril to the safety of the officers or others or when persons on the

premises will escape. * * * [*State v.*] *Carufel,* 112 R.I. [664] at 668, 314 A.2d [144] at 146 [(1974)].

* * *

"In *Wilson v. Arkansas,* 514 U.S. [927], 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), the United States Supreme Court recently expanded its interpretation of the knock-and-announce rule and held that this principle is an element of the reasonableness inquiry under the Fourth Amendment to the United States Constitution. The Court further held that although a search of or a seizure in a dwelling might be constitutionally defective if police officers enter without prior announcement, law enforcement interests may also establish the reasonableness of an unannounced entry. *Id.* at [936], 115 S.Ct. at 1919, 131 L.Ed.2d at 984. However, even under *Wilson,* not every entry by police need be preceded by announcement. Indeed, the Court specifically rejected mandating a rigid interpretation of the rule that ignores countervailing law enforcement interests. *Id.* at [934], 115 S.Ct. at 1918, 131 L.Ed .2d at 982." *Mastracchio,* 672 A.2d at 442–43.

The defendant claims that the United States Supreme Court's recent opinion in *Richards v. Wisconsin,* 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997), alters the knock-and-announce analysis in defendant's favor. Our reading of *Richards,* however, confirms that in certain circumstances a ruse may be a reasonable and constitutional alternative to knocking and announcing. In that case, police obtained a warrant to search the defendant's hotel room for drugs and drug paraphernalia. The magistrate who issued the warrant expressly deleted those portions of the warrant which would have allowed a no-knock entry. The police arrived at the defendant's room at 3:40 a.m. One of the officers, dressed as a maintenance man, knocked on the door. Responding to the defendant's query, the officer identified himself as a maintenance man. The defendant cracked open the door, with the chain attached. Upon peering out, the defendant noticed a uniformed police officer standing behind the "maintenance man" and closed the door. The police then kicked in the door while identifying themselves as police.

At trial, the defendant moved to suppress all evidence gathered from his hotel room on the ground that the police had violated the knock-and-announce rule. The trial court denied the motion, and the Wisconsin Supreme Court affirmed. In doing so, the state supreme court held that no-knock entries pursuant to a valid search warrant in felony drug cases were reasonable per se. The United States Supreme Court disagreed. It held that there could be no blanket exceptions to the knock-and-announce rule. Rather, in each particular no-knock entry, "the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards,* 520 U.S. at ——, 117 S.Ct. at 1421, 137 L.Ed.2d at 624. The high Court held, however, that although the Wisconsin Supreme Court erred in applying a blanket exception, the facts of the *Richards* case indicated that the police officer's actions were reasonable. *Id.* at ——, 117 S.Ct. at 1422, 137 L.Ed.2d at 624–25.

We are of the opinion that the actions of the police in this case were also reasonable. The police had been advised by an informant that the exterior windows of the defendant's apartment were equipped with one-way mirrored glass. The police also knew that the defendant had a history of violence and they identified the mirrored windows on the scene before the search. Moreover, as the trial justice found, the use of a ruse reduced the possibility of violence and destruction of property.

For these reasons, we deny the defendant's appeal and affirm the Superior Court's judgment.