**STATE**

v.

**Carlos B. LOPES.**

**No. 2004–143–C.A.**

Supreme Court of Rhode Island.

Oct. 24, 2005.

Diane Benevides, Orange, CT, for Petitioner.

Paula Lynch Hardiman, Providence, for Respondent.

**ORDER**

The defendant, Carlos B. Lopes (Lopes or defendant), appeals from a judgment of conviction entered in the Superior Court after a jury trial in which the jury found the defendant guilty of violating a District Court no-contact order. The defendant seeks a new trial, arguing that his due process rights were violated and that the no-contact order did not prohibit him from

contacting his ex-wife about their children. For the reasons set forth herein, we affirm the judgment of the Superior Court.

The defendant is the ex-husband of Idelmira Lopes (Ms. Lopes) and the father of her two children. It is undisputed that on the evening of May 29, 2002, Ms. Lopes and defendant were involved in a physical altercation at Ms. Lopes's home in Pawtucket. The defendant initially was charged by criminal information with four counts: breaking and entering, assault with a dangerous weapon, simple assault, and violation of a no-contact order.

The defendant and Ms. Lopes offered different versions of the events leading to this prosecution. Ms. Lopes testified that she was home visiting with a male friend when she observed defendant sitting on the roof of her first-floor porch. He left the area, but called her and asked whether he could retrieve some clothing. Ms. Lopes agreed to leave the clothing for him in a bag. The defendant arrived at her home, but refused to leave as she requested. He took food from her refrigerator and took from her kitchen a large knife, which he pressed against her stomach. According to Ms. Lopes, the knife fell to the floor and broke; she said defendant took her to the bedroom, threw her on the bed and began to choke her. She screamed until her landlady came to the door, prompting defendant to flee the apartment. Ms. Lopes filed a police report the next day.

The defendant gave a vastly different account of the events that evening. He alleged that Ms. Lopes invited him to her apartment to discuss a problem their son was having at school. According to defendant, he went to the apartment and, after his ex-wife received a hang-up telephone call, she said that it probably was one of his "prostitutes" calling for him. The defendant testified that Ms. Lopes grabbed a knife and went after him, threatening to inflict severe injury. A struggle ensued as defendant grabbed Ms. Lopes around the neck, threw her on the bed and left the apartment.

At the conclusion of the state's case, defense counsel moved for judgment of acquittal. Although defendant's argument was focused almost exclusively on the breaking and entering charge, he nevertheless sought acquittal, without argument, on the other charges in the criminal information. The trial justice denied this motion, and defense counsel properly renewed the motion at the close of evidence. The jury returned verdicts of not guilty on all counts, except the misdemeanor charge of violating a no-contact order. The defendant was sentenced to one year at the Adult Correctional Institutions, suspended with probation, and ordered to complete domestic violence counseling.

On appeal, defendant contends that he was deprived of his due process rights because the state failed to prove that he had been served with the no-contact order and that the order still was in effect at the time of the alleged violation. The defendant further argues that the order did not prohibit him from contacting his ex-wife to discuss visitation or the children's well-being.

■ When "considering a motion for judgment of acquittal, a 'trial justice must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw therefrom every reasonable inference consistent with guilt.'" *State v. Forbes*, 779 A.2d 637, 640 (R.I. 2001). This Court's standard of review on a motion for judgment of acquittal is that of the trial justice and is limited to "that evidence which the state claims is capable of generating proof of guilt beyond a rea-

sonable doubt." *State v. Roddy,* 401 A.2d 23, 32 (R.I.1979).

■ The defendant's argument that his due process rights were violated because the state failed to prove that the no-contact order was in effect and that he was aware of its terms, is not properly before the Court. After a thorough examination of the transcript we conclude that defendant failed to raise this issue at trial and now attempts to argue it for the first time on appeal. Our review of the record reveals that defendant made no reference to the no-contact order, let alone an argument that a criminal conviction for such an offense would violate due process of law.

■ It is well settled that this Court "will not consider an issue raised for the first time on appeal that was not properly presented before the trial court." *State v. Breen,* 767 A.2d 50, 57 (R.I.2001) (quoting *State v. Saluter,* 715 A.2d 1250, 1258 (R.I. 1998)). Although this Court has recognized a narrow exception to the raise-or-waive rule when "basic constitutional rights are concerned," defendant's claim does not meet the strict requirements of this rule. *State v. Mastracchio,* 672 A.2d 438, 446 (R.I.1996).

■ The defendant further argues that the no-contact order did not prohibit him from contacting his children or from contacting his ex-wife to discuss visitation or the children's well-being. Pursuant to G.L.1956 § 12–29–4,[1] a no-contact order is violated if it has been issued against a defendant and the defendant willfully violated the order. Here, there is sufficient record evidence that the no-contact order was issued. At trial, the state introduced the no-contact order which was signed by

defendant and clearly provides that the "order is in effect until further order of the court or until the case is terminated." There was no evidence presented suggesting that the no-contact order was invalid.

There is sufficient evidence that the defendant willfully violated the no-contact order. The defendant testified that he was aware of the order and knew that he was violating it. The order said that the defendant was "enjoined or restrained from any contact" with Ms. Lopes. It did not include an exception permitting him to contact his ex-wife to discuss visitation or the well-being of his children. In *State v. John,* 881 A.2d 920, 925 (R.I.2005), this Court held that "[t]he words 'any contact' in the order are as unequivocal as they are broad." Because there is no doubt that defendant contacted Ms. Lopes in direct violation of the order, the state has established that the defendant willfully violated the no-contact order.

For the reasons stated herein, we affirm the judgment of the Superior Court.

---

1. General Laws 1956 § 12–29–4(3) provides: "Willful violation of a court order * * * is a misdemeanor. The written order * * * shall contain the court's directive and shall bear the legend: 'Violation of this order is a criminal offense under this section and will subject the violator to arrest.' "