Supreme Court

No. 2014-33-Appeal.
(02-2163-3)
(02-2163-4)
(02-2163-6)

In re Shy C. et al.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2014-33-Appeal.
(02-2163-3)
(02-2163-4)
(02-2163-6)

In re Shy C. et al.                     :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  This case comes before the Supreme Court on an appeal by Jessica Charron contending that the Family Court erred when, on October 17, 2013, following a jury-waived trial, it issued a decree terminating her parental rights to three of her children—Shy C., Mariah C., and Jah-nell B.  She posits that both G.L. 1956 § 15-7-7 and this Court's precedent with respect to the factors to be considered when addressing a petition for termination of parental rights violate her constitutional right to due process.  For the reasons stated herein, we affirm the decree of the Family Court.

**I**

**Facts and Travel**

The October 17, 2013 Family Court decision issued in this case provides a lengthy, eighty-three page discussion of Ms. Charron's case, in which the Family Court justice made numerous findings of fact and conclusions of law before ultimately terminating Ms. Charron's parental rights to the above-referenced children.  The Family Court justice found that the

- 1 -

children had been removed from Ms. Charron's care on May 19, 2009 after she tested positive for marijuana. He further found that there had been four case plans prepared by the Department of Children, Youth, and Families (DCYF) with the goal of reunifying Ms. Charron and her children and that Ms. Charron had been offered and did receive numerous services for mental health issues, substance abuse issues, domestic violence issues, and parenting issues. He then proceeded to find that Ms. Charron was unfit as a parent because she was "unable to complete" her case plans and that DCYF had made "reasonable efforts at reunification;" he concluded that the children had been in the care of DCYF for over twelve months and that there was not a "substantial probability" that the children would return safely to Ms. Charron's care "within a reasonable period of time." Finally, after making those determinations, the Family Court justice considered the placements of the children and the length of time that they had been in those placements before he determined that it was in the best interests of the children that Ms. Charron's parental rights be terminated.

On appeal, Ms. Charron limits herself to a purely legal argument; she contends that § 15-7-7(c) and this Court's precedent, which regulate the termination of parental rights, "violate[] a parent's due process rights under the Fourteenth Amendment by requiring that the child's best interests, and integration into the foster family, [be a] part of, and in the same proceeding as, the determination of [parental] 'fitness.'" Ms. Charron posits that, as a matter of due process, the Family Court must first make a determination of parental unfitness and only after that determination is made may the court consider the best interests of the child before finally

deciding whether to terminate parental rights. Ms. Charron, by her own admission, did not raise this constitutional argument before the Family Court.[1]

## II

## Analysis

This Court has long adhered to an important jurisprudential principle commonly referred to as "the raise or waive rule." See, e.g., State v. Gomez, 848 A.2d 221, 237 (R.I. 2004). That venerable rule provides that "an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review." Id. at 237 (internal quotation marks omitted); see State v. Ciresi, 45 A.3d 1201, 1212 (R.I. 2012) (noting that it is "well established" that the rule "precludes a litigant from arguing an issue on appeal that has not been articulated at trial") (internal quotation marks omitted); see also DeMarco v. Travelers Insurance Co., 26 A.3d 585, 628-29 & n.55 (R.I. 2011). We have provided for one narrow exception to the rule that may be invoked "when basic constitutional rights are concerned." State v. Russell, 890 A.2d 453, 462 (R.I. 2006) (internal quotation marks omitted). For the exception to apply, an appellant must show that "the error complained of [goes] beyond the level of harmless error. The record must be sufficient to permit a determination of the issue, and counsel's failure to raise the issue must be premised upon a novel rule of law that counsel could not reasonably have known during the trial." State v. Mastracchio, 672 A.2d 438, 446 (R.I. 1996) (internal quotation marks omitted); see also State v. Donato, 592 A.2d 140, 141-42 (R.I. 1991).

Ms. Charron's claim does not fit within the exception to the raise or waive rule since the rule of law at issue (namely, the due process clause) could have been reasonably known at the

---

[1] We confess to being concerned by the manner in which counsel for Ms. Charron has approached this appeal. Without seeking leave of this Court through a motion, he has expended his energies constructing a constitutional argument that was not even adumbrated at the nisi prius level—in the apparent hope that we would overlook our established law.

time of the trial in the Family Court. Indeed, Ms. Charron concedes on appeal that her argument does not fit within our raise or waive exception, but she avers that there are "good and sufficient reasons" for this Court to address the merits of her appeal.

However, upon a thorough review of the record and careful perusal of Ms. Charron's argument on appeal, we perceive nothing in this case that would induce us to make an exception to our well-settled raise or waive jurisprudence. See, e.g., Pollard v. Acer Group, 870 A.2d 429, 433 (R.I. 2005) ("In our view, this case falls squarely within the raise or waive rule; and we perceive absolutely no exceptional circumstances here indicating that said rule should be disregarded."). This is a classic waiver case. Nothing that has been argued before us convinces us to the contrary. Ms. Charron's contention could have been raised before the Family Court, but it was not. As a consequence, we are deprived of the intellectual analysis that would have been provided by the Family Court justice and by such insights as the Office of the Attorney General might have articulated with respect to the constitutionality of the statutory provisions at issue. And we reiterate that it is our view that Ms. Charron has overlooked our venerable raise or waive doctrine in presenting her argument to this Court.

Accordingly, we hold that Ms. Charron's contention on appeal has been waived.[2] As such, we affirm the decree of the Family Court terminating Ms. Charron's parental rights as concerns her children Shy C., Mariah C., and Jah-nell B.

---

[2] We would also briefly note that we have specifically instructed the Family Court that, when applying G.L. 1956 § 15-7-7, a determination as to unfitness of the parent must be made before the best interests of the child are considered. See In re Kristina L., 520 A.2d 574, 582 (R.I. 1987); see also In re Amber P., 877 A.2d 608, 615 (R.I. 2005). Therefore, Ms. Charron's argument also lacks substantive merit.

## III

## Conclusion

For the reasons stated herein, we affirm the decree of the Family Court and remand the record to that tribunal.


**TITLE OF CASE:**        In re Shy C. et al.

**CASE NOS:**        No. 2014-33-Appeal.
                     (02-2163-3)
                     (02-2163-4)
                     (02-2163-6)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  November 5, 2015

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**    Providence County Family Court

**JUDGE FROM LOWER COURT**:

              Associate Justice Howard I. Lipsey

**ATTORNEYS ON APPEAL:**

              For Appellant:  Thomas R. Bender, Esq.

              For Department of Children and Families:
                     Karen A. Clark

              For Court Appointed Special Advocate:
                     Andrew J. Johnson, Esq.