**STATE**

v.

**Edmond J. BROWN.**

No. 91–570–C.A.

Supreme Court of Rhode Island.

Jan. 26, 1993.

James E. O'Neil, Atty. Gen., Terrence P. Donnelly, Jeffrey Greer, Asst. Attys. Gen., for plaintiff.

William M. Walsh, Moretti & Perlow, Cranston, for defendant.

## OPINION

### WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a judgment of conviction on multiple counts charging him with first-degree sexual abuse in respect to his stepdaughter to whom we shall refer as "Amy." The defendant was sentenced to an aggregate term of fifty years at the Adult Correctional Institutions with forty years to serve, ten years suspended, and ten years probation upon release. This case comes before us a second time. In *State v. Brown*, 574 A.2d 745 (R.I.1990) (*Brown I*), we vacated a prior conviction and remanded the case to the Superior Court for a new trial. The facts of the case as disclosed by the record are substantially similar to those set forth in *Brown I*. However, we shall briefly summarize the facts that are pertinent to this appeal. Amy was born April 13, 1972, to her mother, Madelyn, and her first husband. In 1979 Madelyn divorced her first husband, and on October 27, 1979, Madelyn married defendant. At that time Amy was seven and one-half years old. A year and a half later defendant legally adopted Amy and her brother.

On May 18, 1988, when Amy was sixteen years of age, she attempted suicide by taking an overdose of antihistamines. She left a note in a school locker addressed to a close friend and explained the reasons for her attempted suicide. The note read in part, "I'm tired of the hate and anger eating away at the inside of me, I'm tired of him touching me, I'm tired of not being able to tell anyone." Amy recovered and, while she was in the hospital, made a complaint to the police, who investigated the complaint and ultimately arrested defendant. Amy testified that defendant had begun molesting her at the early age of seven and one-half years. He would insert his fingers into the girl's vagina. On several occasions he penetrated her with a banana. He would then peel and eat the banana in front of the child. When Amy became eight or nine years old, defendant committed acts of penile penetration at various times, ranging from three times per week to daily. This type of intercourse continued until Amy became fourteen. At that point she began successfully to resist his advances.

Amy testified that she did not divulge the fact of defendant's molestation to her mother because defendant admonished her that no one would believe her. Moreover, defendant told her that she should be grateful to him for having introduced her to sexual experience.

The defendant denied Amy's accusations and testified that he and his stepdaughter had a close father-daughter relationship. The defendant admitted that he participated in disciplining the children in order to enforce the mother's rules but completely denied any improper conduct toward her.

In support of his appeal, defendant raises four issues. These issues will be considered in the order in which they are raised

in defendant's brief. Further facts will be supplied in order to deal with these issues.

## I

### THE MOTION TO PASS THE CASE

Prior to the trial defendant requested a bill of particulars. The bill furnished by the state set forth three time periods for the acts of molestation. These periods were as follows: (1) June 1, 1979, to May 3, 1984, (2) May 4, 1984, to April 12, 1985, and (3) April 13, 1985, to May 18, 1985. The state identified three instruments of vaginal penetration to be (1) fingers, (2) penis, and (3) banana. During the trial Amy testified that defendant had oral-sexual contact with her. Counsel for defendant objected to this testimony and moved to strike. The trial justice sustained the objection and granted the motion to strike. The trial justice also gave an instruction to the jurors that they should disregard this testimony. However, the trial justice denied the motion to pass the case.

 Our standard of review of a trial justice's determination to deny a mistrial has been stated on numerous occasions. Generally we consider that the decision to declare a mistrial or to deny a request for a mistrial is within the discretion of the trial justice. *State v. Simpson*, 606 A.2d 677, 679 (R.I.1992). Consequently, we review the determination for abuse of discretion. In order to abuse discretion, the trial justice must be clearly wrong. *Id.* We have also stated that in considering a motion for mistrial, the trial justice should determine whether the evidence was of such a nature as to cause the jurors to become so inflamed that their attention was distracted from the issues submitted to them. *See, e.g., State v. Travis*, 568 A.2d 316, 321 (R.I.1990); *State v. Brown*, 522 A.2d 208, 210–11 (R.I.1987). In this case the trial justice focused on this issue in the following manner:

"[H]er last statement pales in comparison to some of her earlier statements which relate to information falling squarely within the bill of particulars * * *.

The nature of her allegations contained in her earlier testimony before this last statement overwhelmed the last statement."

 Our review of the record of testimony in this case strongly supports the conclusion of the trial justice. The nature of the testimony that was within the bill of particulars was such that the jurors were very unlikely to be further inflamed by a reference to oral sex without embellishment along with a very unequivocal and emphatic instruction to disregard the testimony. This instruction was stated as follows:

"Ladies and gentlemen, I'm now going to test your mettle and hold you to your oath that you're going to follow the Court's instructions. I'm instructing that you, for the purpose of your deliberations in this case and in your consideration of the evidence in this case, you are to completely disregard that last answer. You are instructed not to rely on that answer in any fashion whatsoever in arriving at your verdict. You are to disregard that last answer and you will proceed as if you never heard that last answer. This is a matter of law which governs the case, and whether you agree with that or not—whether you agree with that law or not, you have to accept it unequivocally, so please disregard the last answer."

The defendant argues that the instruction was not given immediately but in fact was given approximately eighteen hours after the motion to strike was granted. The defendant sets forth that the trial justice recessed the trial at 3:30 p.m. on January 9, 1991, shortly after granting the motion to strike. The trial was resumed at approximately 9:30 a.m. on January 10. The trial justice and counsel for the state and defendant engaged in an extended discussion after which the jury was brought into the courtroom. The instruction to disregard the testimony was given at approximately 10 a.m.

In light of the totality of the circumstances, we would regard this instruction as effective and timely. *State v. Collazo,*

446 A.2d 1006, 1010 (R.I.1982). The trial justice had a front-row seat at this trial and exerted every effort to minimize the prejudice that could have been created by Amy's statement. She believed that the jurors in the circumstances were quite capable of understanding and obeying her instructions. The trial justice did not abuse her discretion in denying the motion for mistrial.

## II

### TESTIMONY CONCERNING HOSPITAL ADMISSIONS

■ The defendant contends that the trial justice erred in admitting into evidence testimony concerning Amy's in-patient treatment at the Kent County Memorial Hospital psychiatric unit (following her attempted suicide) and her stay at Bradley Hospital for approximately nine months. The defendant argues that such evidence of hospitalization was irrelevant. Indeed, defendant had moved in limine to preclude the state from introducing such evidence. The trial justice at first granted the motion in limine but in response to an offer of proof by the state, decided to rule on the admissibility of this evidence as the questions were presented. She ultimately allowed Amy to testify that she went to these hospitals because of feeling suicidal as a result of defendant's sexual molestation. The trial justice considered such testimony to be relevant. The determination of relevance lies in the discretion of the trial justice, *State v. Messa*, 542 A.2d 1071, 1074–75 (R.I.1988); *State v. Champa*, 494 A.2d 102, 106 (R.I.1985). Rulings in respect to relevancy will not be disturbed on appeal in the absence of a showing of abuse of discretion. *State v. Ashness*, 461 A.2d 659, 674 (R.I.1983). In the case at bar the credibility of the complaining witness was an issue of transcendent importance. According to her testimony the acts of sexual molestation committed by defendant took place over a period of nearly seven years. No complaint was made until after her suicide attempt that occurred almost nine years following the beginning of the alleged molestation. Consequently evidence concerning Amy's hospitalization was highly relevant as tending to corroborate her testimony concerning her reluctance to disclose the information and the effect that this nondisclosure had upon her psychological health. It was certainly no abuse of discretion to admit this corroborative evidence.

## III

### THE MOTION FOR NEW TRIAL

■ The defendant argues that the trial justice improperly denied his motion for new trial. In reviewing the motion for new trial, we must determine whether the trial justice has analyzed the evidence presented and exercised his or her independent judgment in determining whether the evidence was sufficient to constitute proof beyond a reasonable doubt. It is obvious that testimony concerning acts of molestation over a period of years would include some inconsistencies, some failure to be completely accurate concerning exact dates and times. The trial justice considered all these elements and found that Amy was a very credible witness. She further found that defendant was not a credible witness. This court has held in *State v. McKenna*, 512 A.2d 113, 115 (R.I.1986), that it is unnecessary to prove exact dates upon which sexual assaults took place and that it is sufficient to find that the acts took place within a frame of time set forth in the bill of particulars. The trial justice also considered whether the prosecution had proven beyond a reasonable doubt that coercion had been used in the commission of these sexual assaults. We have held that psychological coercion is sufficient to sustain this burden. *State v. St. Amant*, 536 A.2d 897, 900 (R.I.1988); *State v. Burke*, 522 A.2d 725, 734–35 (R.I.1987). In the case at bar, as in the cases cited, defendant as an authoritative parent stood in a position of virtually complete dominance in respect to this child during the period when the acts of molestation took place.

The trial justice, in passing upon all of these elements, performed her duties in accordance with *State v. Dame*, 560 A.2d

330 (R.I.1989), and *State v. Henshaw*, 557 A.2d 1204 (R.I.1989). She agreed with the verdict of the jury. She did not overlook or misconceive relevant and material evidence and was otherwise not clearly wrong.

The defendant further argues that the trial justice should have granted the motion for new trial because of newly discovered evidence. The newly discovered evidence related to the fact that Amy had filed a claim to recover compensation under the Criminal Injuries Compensation Act. General Laws 1956 (1981 Reenactment) chapter 25 of title 12. The defendant claimed to be unaware of this claim and suggests that had he known of it, he would have cross-examined Amy on the issue of bias.

When confronted with such a motion, the trial justice must in accordance with our holding in *McMaugh v. State*, 612 A.2d 725 (R.I.1992), and *State v. Brown*, 528 A.2d 1098 (R.I.1987), determine whether the newly discovered evidence should have been discovered in the exercise of reasonable diligence and also whether the evidence is of a type that would probably change the result if the jury had been aware of it.

In passing upon this motion, the trial justice observed that this evidence could by reasonable diligence have been discovered by a call to the office of the clerk of the Superior Court. She determined that the counsel for defendant was aware of the criminal-injuries-compensation statute and also that an attorney for defendant in a Family Court action had been given notice of Amy's suit for victim's compensation. This attorney testified that he had discussed this claim with defendant prior to the time of the second trial.

This finding was conclusive. The evidence was not newly discovered. It was known to defendant prior to trial and in the exercise of reasonable diligence should have been known to his attorney. Although the trial justice went on to determine that the evidence would not have changed the result and was merely impeaching, this finding was not necessary to her denial of the motion.

Consequently the denial of the motion for new trial on the grounds of insufficiency of evidence and newly discovered evidence was not error.

## IV

### CROSS-EXAMINATION

Counsel for defendant sought to cross-examine Amy in respect to her untidiness in leaving sanitary napkins about the house and therefore giving notice to everyone of the time of her menstrual periods. The trial justice limited this cross-examination on the basis of relevance. We have stated on numerous occasions that defendant has a constitutional right to cross-examination. *State v. Manocchio*, 496 A.2d 931, 933 (R.I.1985); *State v. DeBarros*, 441 A.2d 549, 552 (R.I.1982). However, such a right is not unlimited and does not include license to cross-examine on irrelevant matters that would serve only to harass or humiliate the witness. *State v. Veluzat*, 578 A.2d 93, 95 (R.I.1990). The trial justice did not abuse her discretion by precluding examination on this subject.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.