STATE

v.

**Raymond C. BOLDUC.**

No. 2002–289–C.A.

Supreme Court of Rhode Island.

May 19, 2003.

Aaron Weisman, Providence, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Asking a neighbor to lower the volume of music emanating from his residence, the complaining witness (victim) visited with the defendant, Raymond C. Bolduc (defendant), at the latter's apartment for this purpose. Neither the victim nor his request, however, were received in a neighborly manner. Punched in the face, thrown to the floor, and choked by the neck, the victim described how the defendant flew into a violent rage and assaulted him in response to his request. The defendant, who admitted to the responding police officer that he committed the assault, now appeals from a judgment of conviction of one count of simple assault.[1] He contends that the trial justice erred in failing to grant his motion for a mistrial after the complaining victim suffered a seizure during defense counsel's cross-examination of him. The defendant also argues that the trial justice erred in failing to grant his motion for a new trial because the evidence was insufficient to support the verdict.

The state insists that the trial justice acted properly by denying the motion for mistrial and by instructing the jury not to allow the victim's seizure to invoke undue sympathy for him. The state cites *Dodson v. State*, 502 N.E.2d 1333, 1338 (Ind.1987), which held that a witness's seizure did not warrant a mistrial when the jury's exposure was brief and when the trial justice's

---

1. General Laws 1956 § 11–5–3 provides, in pertinent part: "Simple assault or battery.— (a) Except as otherwise provided in § 11–5–2 [felony assault statute], every person who shall make an assault or battery or both shall be imprisoned not exceeding one year or fined not exceeding one thousand dollars ($1,000), or both."

instruction to the jury about how it should regard this event was straightforward and appropriate. Also, the state points out that in *United States v. Bailey,* 675 F.2d 1292, 1297 (D.C.Cir.1982), the court rejected the argument that a defendant's seizure in the courtroom prejudiced the other defendants. That court reasoned that the trial justice was in the best position to determine whether this kind of incident prejudiced another party's right to obtain a fair trial. *Id.; see also State v. Hill,* 49 Or.App. 297, 619 P.2d 671, 672–73 (1980).

The state also maintains that the trial justice acted properly by denying defendant's motion for a new trial. It emphasizes that both the jury and the trial justice, after hearing the conflicting testimony, determined that the victim was a credible witness. The state notes that the credibility of a witness is a determination properly left to the trier of fact.

A single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Because they have not done so, we proceed to resolve the merits of the appeal at this time.

■ Although the seizure cases from other jurisdictions that the state relies upon are not binding on this Court, we believe that their reasoning is sound. For example, in *Terry v. State,* 397 So.2d 217, 221 (Ala.Crim.App.1981), a witness apparently experienced a seizure while testifying. After taking a short recess, the trial judge refused either to continue the case until the next day or to declare a mistrial. On appeal, the court found no abuse of discretion on the part of the trial judge. *Id.* at 222. The court noted that it was unable to ascertain from the record exactly what happened, including how long or how severe the attack was. *Id.* Significantly, the court observed that:

"There [was] no showing that the occurrence affected the jury and no request that the jury be polled at the time. The trial judge was in a more advantageous position to observe what occurred than we are. He was able to observe what transpired and its effect upon the trial of the case and upon the jury." *Id.*

■ The same can be said about the circumstances in this case. As we have noted many times, a trial justice's decision on a motion to pass the case is addressed to the sound discretion of the trial justice, and this Court will not disturb the ruling on such a motion absent an abuse of discretion. *See, e.g., State v. Chalk,* 816 A.2d 413, 420 (R.I.2002); *State v. Pacheco,* 763 A.2d 971, 978–79 (R.I.2001). When considering a motion for a mistrial, a trial justice assesses the prejudicial impact of the statement(s) or the event in question on the jury and determines whether "the evidence [is] of such a nature as to cause the jurors to become so inflamed that their attention [is] distracted from the issues submitted to them." *Pacheco,* 763 A.2d at 979 (quoting *State v. Brown,* 619 A.2d 828, 831 (R.I.1993)). Not all potentially prejudicial statements or other disturbing events that occur during a trial require the trial justice to pass the case. *Id.* In this situation, the trial justice assessed the prejudicial impact of the complaining witness's seizure on the minds of the jurors and indicated clearly in his instructions to them that they should not allow it to influence their decision. Thus, his charge to the jurors included the following:

"Before we resume with the testimony of Mr. Tyas [the complaining witness], I want to instruct you [that] you are not to take into consideration the fact that Mr. Tyas had what he described as a seizure yesterday afternoon while undergoing cross-examination. Your decision in this case is to be based solely on

the evidence, that is the testimony that you hear from the witness stand, and any exhibits marked as full exhibits. And as I told you in my preliminary instructions and I'll tell you again in my final instructions, your decision cannot be based upon any kind of sympathy for either side or either party in connection with this case."

For the above-mentioned reasons, we discern no abuse of discretion in these circumstances and affirm the trial justice's decision to deny defendant's motion for mistrial.

■■■ With respect to the new-trial motion, its resolution turned on a credibility determination. The jury evidently decided that the victim was a more credible witness than defendant. In his decision to deny the motion for the new trial, the trial justice agreed with the jury. A trial justice's ruling on a new-trial motion will not be overturned unless the trial justice was clearly wrong or unless he or she overlooked or misconceived material and relevant evidence that related to a critical issue in the case. *State v. Salvatore,* 763 A.2d 985, 991 (R.I.2001) (citing *State v. Banach,* 648 A.2d 1363, 1367 (R.I.1994)). "When considering a motion for a new trial, a trial justice acts as 'a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence.'" *State v. Dyer,* 813 A.2d 71, 75 (R.I.2003) (citing *State v. Jackson,* 752 A.2d 5, 11 (R.I.2000)).

When ruling on a motion for a new trial the trial justice performs various functions. *Salvatore,* 763 A.2d at 991 (citing *Banach,* 648 A.2d at 1367). First, the court considers the evidence in light of its charge to the jury, one that is presumed to be correct and fair to the defendant. *Id.* Next, the trial justice forms his or her own opinion of the parties' respective cases by weighing the credibility of the witnesses and the other material evidence, choosing which conflicting testimony and evidence to either accept or reject. *Id.* Finally, the trial justice determines whether his or her verdict as a superjuror would be different from that reached by the jury by individually assessing the evidence in light of the jury instructions. *Id.*

In this case, the central issue was whether the victim entered the defendant's apartment without his consent and, if so, whether the defendant acted in self-defense. The court accepted the testimony of the victim that the defendant consented to the victim's entry into the defendant's apartment as more credible than that of the defendant. Further, there was no evidence other than the defendant's testimony that he acted in self-defense. Moreover, the defendant's admission that he did not feel threatened by the victim undercut the defendant's suggestion that he acted in self-defense.

In summary, the trial justice properly denied the defendant's motions for a mistrial and for a new trial. Therefore, we deny the appeal and affirm the judgment of conviction.