STATE

v.

**Sonia LORA.**

**No. 2002–271–C.A.**

Supreme Court of Rhode Island.

June 21, 2004.

Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The defendant, Sonia Lora, appeals from a Superior Court conviction of felony assault and malicious destruction of property. The defendant argues that the Superior Court erred in denying her motion for a new trial and by improperly admitting two photographic exhibits of the scene of the incident. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. Upon hearing the arguments of counsel and examining the memoranda filed by the parties and the record of the proceedings below, we conclude that cause has not been shown and that the case should be decided at this time. We affirm the judgment of conviction.

### Facts and Travel

Candida Santana (Santana) and defendant were both involved, at one point or another, in relationships with the same

man, Douglas Cruz. Ms. Santana and defendant sometimes baby-sat for Cruz's young daughter, Marie Polanca. On the morning of June 30, 2000, defendant and Ms. Santana both arrived simultaneously to pick up Marie from her mother's apartment, and became embroiled in a confrontation.

Ms. Santana testified that defendant drove her car into Santana's car. Both Santana and her fourteen-year-old daughter, who was present at the time, testified that defendant then smashed Santana's car windshield with rocks and bottles and threatened her. Ms. Santana drove away from the scene and frantically motioned to a police officer on Doyle Avenue for help. Officer Patricia Iadevaia told her to drive to the parking lot of a nearby shopping plaza. According to Ms. Santana, defendant followed her into the parking lot and smashed her driver's side window with an iron pipe. She further testified that defendant stabbed her with a knife in the back and face, causing her permanent disfigurement. An independent eyewitness, Christopher Gorham (Gorham), testified that he observed defendant at the shopping plaza, standing outside of Santana's car and holding her by the hair and punching her.

Officer Iadevaia testified that when she arrived in the parking lot moments later, she observed glass on the ground near Santana's car and Santana was bleeding heavily from the face and head. Officer Iadevaia observed defendant jump into another car and leave the scene. The officer pursued the car, stopped it, and took defendant back to the scene, where Gorham identified her.

On June 15, 2001, a Superior Court jury convicted defendant of felony assault and malicious destruction of property. On September 6, 2001, defendant was sentenced to a term of ten years for the felony assault, six years suspended with probation, and a concurrent one-year suspended sentence, plus restitution on the vandalism charge. She filed a timely notice of appeal.

### Admission of Photographs

The defendant argues that the trial justice erred in admitting state's exhibits No. 4 and No. 5 into evidence, over defendant's objection. State's exhibits No. 4 and No. 5 consisted of two photographs of Ms. Santana's car in the University Heights shopping plaza, near the McDonald's parking lot, where the second confrontation occurred. The photographs were introduced through the testimony of Det. Pao Yang of the Providence Police Department, who said that the photographs represented a reasonable and accurate depiction of the scene, but did not accurately reflect the position of the car. He testified that at the time of the incident, Santana's car was ten to fifteen feet south of where it was depicted in the photographs.

The defendant argues that photographs are admissible in evidence only if "reasonably accurate." The defendant contends that the photographs were not a substantial or accurate representation of the scene of the accident and were thus confusing and misleading to the jury.

This Court consistently has held that a proper foundation for the admission of a photograph "requires testimony that the photograph is a fair and accurate representation of facts personally observed by the witness." *State v. Pulphus*, 465 A.2d 153, 157 (R.I.1983). It is also well established that the trial justice has wide discretion in determining the relevancy, materiality, and admissibility of offered evidence, including photographs. *State v. Houde*, 596 A.2d 330, 335 (R.I.1991). The trial justice's ruling will be upheld absent an abuse of discretion. *Id.*

After reviewing the exhibits and the testimony, we conclude that the trial justice did not abuse his discretion by allowing the admission of these two photographs. We are satisfied that the photographs were not misleading in the context for which they were offered. When the photographs were introduced by the detective, he informed the jury that at the time of the incident, the car was "approximately * * * 10 to 15 feet" to the south of its location in the photograph exhibits. The defendant did not dispute the alleged location of the cars.

■ It is apparent that even if the admissions were in error, the error would be harmless. Harmless error is defined in Rule 52 of the Superior Court Rules of Criminal Procedure as "[a]ny error, defect, irregularity or variance which does not affect substantial rights * * *." The defendant has not alleged any specific harm or confusion from the admission of the photographs. At the trial, there was no dispute concerning the location of the events in question. Therefore, the verdict could not have been affected by the fact that Ms. Santana's automobile was, as pictured in the University Heights shopping plaza exhibits No. 4 and No. 5, in a "slightly different" location than it had been in at the time of the incident. We conclude that the admission of the photographs by the trial justice was not prejudicial to defendant.

## New Trial

■ The defendant next asserts that the trial justice erred in denying her motion for a new trial because the verdict was against the fair preponderance of the evidence and failed to do substantial justice between the parties. She contends that "Candida Santana's version of the altercation was characterized by prevarication and inconsistency." She also alleges that

Mr. Gorham's eyewitness testimony was inconsistent with Ms. Santana's testimony. The defendant points out that there was no eyewitness testimony about whether she or Ms. Santana was the initial aggressor.

The defendant testified at trial that Ms. Santana was the initial aggressor. She alleged that at Ms. Polanco's house, Ms. Santana tried to run her over with her car, and hurt her leg. The defendant says that she threw only one object at Santana's car, an iron pipe, and that was in self-defense. She further testified that when she arrived at the McDonald's parking lot, Santana approached her first and struck her injured leg. The defendant alleges that she became so enraged by this attack that she struck back at Santana, and that was the part of the incident Gorham witnessed.

■ In ruling on a motion for a new trial, "the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence." *State v. Rieger*, 763 A.2d 997, 1001–02 (R.I.2001) (quoting *State v. Banach*, 648 A.2d 1363, 1367 (R.I. 1994)). The trial justice must consider the evidence in light of the charge to the jury, determining his or her own opinion of the evidence, weighing credibility and choosing among conflicting testimony, and must determine whether he or she would have reached a different result than that reached by the jury. *Banach*, 648 A.2d at 1367. "Provided that the trial justice has 'articulated an adequate rationale for denying a motion,' * * * a trial justice's ruling on a new trial motion is entitled to great weight." *Rieger*, 763 A.2d at 1002 (quoting *State v. Bleau*, 668 A.2d 642, 646 (R.I.1995) and citing *State v. Dame*, 560 A.2d 330, 332 (R.I.1989)). "A trial justice's ruling on a new-trial motion will not be overturned unless the trial justice was clearly wrong or unless he or she overlooked or misconceived material and rele-

vant evidence that related to a critical issue in the case." *State v. Bolduc*, 822 A.2d 184, 187 (R.I.2003) (per curiam).

After an independent review of the evidence in this case, the trial justice weighed the credibility of the witnesses and other material evidence and determined that his verdict as a juror was the same as that reached by the jury. In this case, the central issue was whether defendant acted in self-defense. The court accepted the testimony of the victim, Ms. Santana, along with the other witnesses, as more credible than that of defendant. He found that Ms. Santana's testimony was corroborated by the testimony of Mr. Gorham, who met what the trial justice considered to be "the classic definition of an independent witness," one with no predisposition to favor one side over the other.

We conclude that the trial justice did not overlook or misconceive any material evidence and was not otherwise clearly wrong in his assessment of the evidence. We therefore affirm the judgment of the trial justice.

### Conclusion

For the reasons stated herein, we affirm the judgment of conviction of the Superior Court, to which we return the papers in this case.

Justice FLAHERTY did not participate.