January 4, 2019

**Supreme Court**

No. 2017-288-C.A.
(P2/15-1636A)

State                        :

    v.                      :

Joseph Silva.            :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                                    :

v.                                       :

Joseph Silva.                            :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  A jury in Providence County Superior Court found the defendant, Joseph Silva (Silva or defendant), guilty of reckless driving, in violation of G.L. 1956 § 31-27-4, which was count two of the original five counts of a criminal information brought against him.  Following the jury verdict and the denial of the defendant's motion for a new trial, the trial justice sentenced him.  The defendant filed his timely notice of appeal on May 17, 2017.  This matter came before the Supreme Court on December 4, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided.  After reviewing their submitted memoranda, we are satisfied that cause has not been shown and further briefing or argument is therefore not required.  For the reasons set forth herein, we affirm the judgment of conviction.

**I**

**Facts and Travel**

The events giving rise to this case occurred on November 13, 2014.  There are two competing versions of what transpired on that day, both of which were presented at a four-day

jury trial.[1] Devin Smith (Smith) testified for the state that he left a restaurant that afternoon and was driving his mother's car eastbound on Putnam Pike in Smithfield, with three friends in the vehicle, when he approached a red light next to a vehicle, later identified as defendant's, in the lane to his left. Smith testified that defendant asked him, through their open car windows, if Smith "wanted to see a frog leap." Smith testified that he was unsure what defendant meant, but responded by saying, "Whatever, Buddy[.]" When the light turned green, both vehicles continued down the road, and, Smith testified, defendant began swerving into Smith's lane three or four times, forcing Smith to swerve into the far right portion of the roadway, until they eventually reached the traffic light at Esmond Street. Smith testified that, at that light, he came to a stop in the "left only" lane and defendant was in the right "straight only" lane, to Smith's right. Additionally, Smith testified that, when the light turned green, he attempted to turn left onto Esmond Street, at which time defendant also turned left from his straight-only lane and struck Smith's car in the rear-passenger side, causing Smith to drive over a mulched area and into a gas station parking lot.

Smith further testified that, as he drove to the exit of the gas station parking lot to pull back onto Putnam Pike, defendant again hit Smith's car, this time in the rear. Smith described that it was "not a bad hit" but "[j]ust, like, a tap." Smith also testified that, after he left the gas station, defendant followed him down Esmond Street and again hit the back of his car, this time at the intersection of Dean Avenue. Smith explained that, as he drove down Dean Avenue, he was in the right lane and defendant continued on the side of his car "trying to cut in front of [him] to slow [him] down." Smith testified that, at that point, defendant got out of his vehicle and "threw his hands up"; it looked to Smith as though defendant threw something at Smith's

---

[1] For the purposes of this opinion, we will only discuss the witnesses' testimony at trial that pertains to the reckless driving charge.

vehicle. Then, Smith explained, he put his car in reverse, drove home, told his mother what had happened, and called the police. Smith testified that his vehicle never struck defendant's vehicle. Finally, Smith testified regarding the details of the damage to his vehicle, and photographs depicting that damage were admitted into evidence.

The state called Aaron Mazzulla (Mazzulla) to testify next. Mazzulla was one of the three passengers in Smith's vehicle during the incident; he was sitting in the back seat behind Smith. Mazzulla's account of the events corroborated Smith's testimony. William Achille (Achille), the gas station clerk on duty that night, also testified for the state and described that, at around 5:00 p.m., he saw two vehicles speed through the parking lot, stop at the furthest exit, and then get back onto the road. Achille also testified that he did not hear or see any collision take place at the station; rather, he merely heard "[a] little bit of beeping."

The defendant also testified at trial. According to defendant, he was driving home from work when he stopped to pick up dinner for his children. When he left the restaurant, defendant testified, he was traveling on Putnam Pike when he approached a red light near the above-mentioned gas station, and he observed that his mirror had become dislodged and he heard "the sound of change hitting the door, or rocks or sand[.]" The defendant testified that, after his car was struck, he looked to his left and saw a car pulling into the gas station. Thereafter, defendant testified that he used his left directional and pulled into the gas station behind the vehicle because he "figured they knew they hit [his] vehicle, and that's why they were parking." The defendant stated that he pulled directly behind the vehicle, at which point the other vehicle reversed and struck defendant's vehicle, leaving a dent on the front driver's side above the headlight. Subsequently, the other vehicle pulled westbound onto Putnam Pike and took an immediate right onto Esmond Street. The defendant testified that he followed the vehicle as far as he could

before losing it. He then returned to the gas station with the hope that someone had seen something or that a police officer would be there. The defendant denied any other interaction with Smith or his passengers.

Both Smith and defendant reported their versions of the events to the Smithfield police department. After taking statements and investigating, the Smithfield police arrested defendant on November 20, 2014, and he was ultimately charged by information on May 28, 2015, with assault with a dangerous weapon, in violation of G.L. 1956 § 11-5-2 (count one); reckless driving, in violation of § 31-27-4 (count two); leaving the scene of an accident, in violation of G.L. 1956 § 31-26-2 (count three); falsely reporting a crime, in violation of G.L. 1956 § 11-32-2 (count four); and disorderly conduct, in violation of G.L. 1956 § 11-45-1(a) (count five). Prior to trial, the state dismissed count three pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.

Subsequently, on April 20, 2017, defendant was convicted by a jury of count two, reckless driving, and acquitted of the remaining counts. The defendant filed a motion for a new trial, arguing that the evidence presented at trial was insufficient to convict him of reckless driving and further contending that the jury did not note the specific location where defendant's alleged reckless driving took place. On May 15, 2017, the trial justice denied defendant's motion for a new trial and sentenced defendant to one year at the Adult Correctional Institutions, the entirety of which was suspended, with probation. The trial justice further ordered defendant to complete anger-management counseling. The defendant timely appealed.

## II

## Standard of Review

"When ruling on a motion for a new trial, the trial justice acts as a thirteenth juror, exercising 'independent judgment on the credibility of witnesses and on the weight of the evidence.'" *State v. Heredia*, 10 A.3d 443, 446 (R.I. 2010) (quoting *State v. Imbruglia*, 913 A.2d 1022, 1028 (R.I. 2007)). "Specifically, 'the trial justice must (1) consider the evidence in light of the jury charge, (2) independently assess the credibility of the witnesses and the weight of the evidence, and then (3) determine whether he or she would have reached a result different from that reached by the jury.'" *Id.* (quoting *State v. Texieira*, 944 A.2d 132, 140 (R.I. 2008)). "If, after conducting such a review, the trial justice reaches the same conclusion as the jury, the verdict should be affirmed and the motion for a new trial denied." *Id.* "If the trial justice 'does not agree with the jury verdict or does not agree that reasonable minds could differ,' then he or she must embark on a fourth analytical step in order to 'determine whether the verdict is against the fair preponderance of the evidence and fails to do substantial justice.'" *State v. Muralles*, 154 A.3d 925, 931-32 (R.I. 2017) (quoting *State v. Robat*, 49 A.3d 58, 71 (R.I. 2012)).

In conducting our review, "we accord great weight to a trial justice's ruling on a motion for a new trial if he or she has articulated sufficient reasoning in support of the ruling." *Texieira*, 944 A.2d at 140-41. Consequently, "[t]his Court will not overturn a trial justice's determination with regard to such a motion unless we determine that the trial justice committed clear error or that he or she 'overlooked or misconceived material and relevant evidence [relating] to a critical issue in the case.'" *Id.* at 141 (quoting *State v. Bolduc*, 822 A.2d 184, 187 (R.I. 2003)).

## III

## Discussion

We have determined that "when ruling on a motion for a new trial, the 'record should reflect a few sentences of the justice's reasoning on each point.'" *State v. Virola*, 115 A.3d 980, 991 (R.I. 2015) (quoting *State v. Rosario*, 35 A.3d 938, 947 (R.I. 2012)). Here, a review of the record reveals that the trial justice completed each of the analytical steps that are called for when a trial justice considers a motion for a new trial, and his decision reflects his reasoning for denying the motion. *See Heredia*, 10 A.3d at 446.

In his bench decision, the trial justice explained that, after hearing and comparing all of the testimony, he found the testimony of Smith and Mazzulla more credible than defendant's testimony. The trial justice questioned defendant's "remarkable memory of that particular event." He took note, however, that defendant's memory and testimony became "more and more sparse" when he was subjected to cross-examination. Additionally, the trial justice found defendant's testimony to be inconsistent with his prior statements to investigators. The trial justice also acknowledged the photographs of the vehicles, finding that they "have a significant weight, with regard to how this particular accident happened[.]" The trial justice found that the photographs did "not demonstrate a scenario wherein Mr. Smith * * * backed into" defendant. As a result, the trial justice stated that, "when compared with all those discrepancies and inconsistencies, the [c]ourt finds the testimony of Mr. Smith and Mr. Mazzulla more credible."

Next, the trial justice explained that he gave the jury "the standard instruction on reckless driving, which is operation of a motor vehicle in such a manner as to have a reckless disregard for the safety of others." The trial justice relied on the series of events as described at trial—specifically, "the continuum, from the time the parties left the shopping center to the swerving at

- 6 -

Mr. Smith and those in his vehicle, to the left-hand turn and the encounters at the gas station, as well as the following down Esmond Street"—to conclude that he agreed with the jury verdict as to defendant's reckless driving.

We believe that the trial justice did not commit clear error or misconceive material evidence in this case.  Given this Court's review of the trial justice's analysis and reasoning, we accept his credibility determinations, and we will not disturb his decision denying the defendant's motion for a new trial.

**IV**

**Conclusion**

For the reasons set forth herein, we affirm the judgment of the Superior Court.  The record shall be returned to that tribunal.

# STATE OF RHODE ISLAND AND Justice Independence Honor PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Joseph Silva. |
| **Case Number** | No. 2017-288-C.A.<br>(P2/15-1636A) |
| **Date Opinion Filed** | January 4, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice William E. Carnes, Jr. |
| **Attorney(s) on Appeal** | For State:<br><br>Virginia M. McGinn<br>Department of Attorney General<br>For Defendant:<br><br>Megan F. Jackson<br>Office of the Public Defender |