May 29, 2024

**Supreme Court**

No. 2022-298-C.A.
(P2/17-694A)

State                              :

v.                              :

Anton Liverpool.                     :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

v.                           :

Anton Liverpool.                  :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The defendant, Anton Liverpool (defendant or Mr. Liverpool), appeals from a judgment of conviction following a hearing at which a justice of the Superior Court found that he violated the terms and conditions of his probation.  On appeal, Mr. Liverpool argues that the trial justice erred: (1) in admitting video footage that lacked the required foundation in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution; and (2) in relying on a suggestive show-up identification conducted by the Providence police.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Procedural History**

We recite the following summary of relevant facts, which appear in the record of the proceedings in Superior Court. This matter arises out of the investigation and probation-violation proceeding related to a complaint of Mr. Liverpool's disorderly conduct. On the morning of August 31, 2021, the complaining witness reported to the Providence police that she encountered a Black man wearing black clothing and red footwear while walking to work from the Providence Place mall parking lot to her office in downtown Providence. As the complaining witness walked along a path near the Amtrak station to her office, she observed a man exposing himself and engaging in masturbation. In response to this observation, the complaining witness attempted to avoid eye contact and, as she passed by him, he asked her to touch him in a sexually gratifying manner.

After the complaining witness passed the man and continued to walk to her office, she reported that he began to follow her, and she responded by walking near a custodial worker collecting garbage. Finally, she observed the man on the opposite side of the sidewalk and noted that he continued to expose himself before she ran into her office building and called 911. Before the Providence police arrived at her office, the complaining witness relayed her experience to the building's security officers; she eventually reviewed video footage of the encounter with building security personnel and the responding police officer. Less than one hour later, the

Providence police apprehended Mr. Liverpool. Thereafter, Officer Rosemary Chin picked up the complaining witness and drove her to a nearby location to initiate a show-up identification procedure.[1] Upon her arrival, the complaining witness identified Mr. Liverpool as the man from her earlier encounter.

That same day, the state filed a violation report pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure requesting that the court adjudicate Mr. Liverpool as a violator of the conditions of his probation, based on his failure to keep the peace and remain on good behavior.[2] Thereafter, on April 20, 2022, and June 15, 2022, a justice of the Superior Court conducted a two-day violation hearing pursuant to Mr. Liverpool's two prior convictions. At Mr. Liverpool's hearing, the state offered evidence from the complaining witness and Officer Graig Sion.

With respect to the events that took place on August 31, 2021, the complaining witness testified regarding her interaction with Mr. Liverpool and her actions thereafter; described his appearance on the morning of the incident; and made an affirmative, in-court identification of Mr. Liverpool. Additionally, the complaining

---

[1] A show-up typically involves the police presenting a suspect to an individual involved with the alleged offense and then asking whether that individual can identify the presented suspect as the perpetrator. *See* Michael D. Cicchini & Joseph G. Easton, *Reforming the Law on Show-Up Identifications*, 100 J. Crim. L. & Criminology 381, 388 (2010).

[2] Specifically, the state alleged that Mr. Liverpool violated the terms of his probation from two prior convictions: (1) a 2019 indecent-exposure conviction; and (2) a conviction for failing to register as a sexual offender.

witness used a map to aid in her description of the incident's location and reviewed two surveillance videos the state presented of her interaction with Mr. Liverpool. After reviewing the footage and identifying herself and Mr. Liverpool, the complaining witness confirmed that it fairly and accurately depicted the incident.

Thereafter, Officer Sion provided testimony regarding his response to the complaining witness's 911 call, his review of the footage depicting the incident, and his eventual apprehension of Mr. Liverpool. After positively identifying Mr. Liverpool in court, Officer Sion described the show-up procedure that took place after he arrested Mr. Liverpool. On cross-examination, defense counsel asked Officer Sion about his decision to place Mr. Liverpool in handcuffs following his arrest and whether the officers conducted the show-up procedure contrary to Providence Police Department policy.

At the close of the state's case, Mr. Liverpool rested without presenting evidence. The trial justice thereafter issued a decision from the bench finding that the state had demonstrated, by a fair preponderance of the evidence, that Mr. Liverpool failed to keep the peace and maintain good behavior; determined that Mr. Liverpool violated the terms of his sentence in P2/19-4220A and P2/17-694A; and sentenced Mr. Liverpool to serve four years on P2/17-694A. Specifically, the trial justice found credible the testimony of both the complaining witness and Officer Sion, noted that the police may have conducted the show-up in violation of police

policy, but ultimately determined that these actions reliably identified Mr. Liverpool. Nevertheless, the trial justice determined that, based on all of the evidence in the record, he did not need to rely on the show-up proceeding to conclude that Mr. Liverpool had violated the terms of his probation.

Mr. Liverpool filed a premature but valid notice of appeal on June 30, 2022, and the Superior Court entered a judgment of conviction on November 21, 2022.

We consider whether the trial justice erred (1) in admitting the video footage depicting Mr. Liverpool's conduct on August 31, 2021, and (2) in relying on the show-up identification procedure conducted by the Providence police.

## Discussion

This Court engages in a deferential review of a trial justice's decision determining that an individual violated the terms of her or his probation. *State v. Perkins*, 293 A.3d 834, 837 (R.I. 2023). As a result, we will reverse a trial justice's decision on this issue only if that trial justice acted in an arbitrary or capricious manner in finding a violation. *Id.* Rule 32(f) of the Superior Court Rules of Criminal Procedure provides the following:

> "The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the

grounds upon which action is sought under this subdivision. No revocation shall occur unless the State establishes by a fair preponderance of the evidence that the defendant breached a condition of the defendant's probation or deferred sentence or failed to keep the peace or remain on good behavior."

When evaluating the state's allegation that an individual violated the terms of her or his probation pursuant to Rule 32(f), the trial justice must determine whether that individual has failed to keep the peace and remain on good behavior. *Perkins*, 293 A.3d at 837. In order for the trial justice to conclude that an individual violated the terms of her or his probation, the state must establish—by a fair preponderance of the evidence—that an individual violated a condition of her or his probation. *Id.*

We have examined the record in this case, and we are satisfied that the trial justice did not act in an arbitrary or capricious manner in finding that Mr. Liverpool violated the terms of his probation. There was ample credible evidence upon which the trial justice based his finding that, on the morning of August 31, 2021, Mr. Liverpool failed to keep the peace and remain on good behavior. The transcript reveals that the trial justice assessed the evidence presented by the state and made a supportable finding regarding Mr. Liverpool's culpability. The trial justice noted that he found that the complaining witness and Officer Sion both provided credible testimony regarding their perception and identification of Mr. Liverpool's identity and his conduct. Further, the trial justice emphasized the video footage presented by the state and noted its particular importance in rendering his decision based on its

- 6 -

consistency with the complaining witness's description of the events that took place on August 31, 2021. Finally, in reaching his ultimate conclusion, the trial justice noted his overall satisfaction with the identification of Mr. Liverpool as the individual engaged in the conduct described. In light of this comprehensive analysis, we are satisfied that the trial justice properly considered the record evidence in determining that Mr. Liverpool violated the terms of his probation.

In seeking to persuade this Court to reach a contrary conclusion, Mr. Liverpool argues that this Court should reverse the trial justice's ruling for two primary reasons. First, he argues that the trial justice improperly admitted video footage of the August 31, 2021 incident. Second, Mr. Liverpool argues that the trial justice erroneously relied on the Providence police's show-up procedure. We are unpersuaded, however.

Regarding the trial justice's decision to admit the video footage, Mr. Liverpool asserts that the state failed to lay the proper foundation prior to admission of the video footage; that no one affirmatively identified Mr. Liverpool as the individual depicted in footage of the interaction with the complaining witness; and, finally, that the trial justice's admission of the video violated his Sixth Amendment right to confront witnesses, pursuant to the Confrontation Clause, because he could not confront and cross-examine the video footage, which "bore witness against" him.

Although Mr. Liverpool likely waived his ability to contest the trial justice's admission of the video footage by failing to clearly raise this issue below, this Court rejects the notion that the trial justice abused his discretion by admitting this evidence.[3] In doing so, we emphasize that trial justices have wide discretion in determining whether to admit photographic evidence, and that this Court reviews these evidentiary rulings for an abuse of discretion. *State v. Lora*, 850 A.2d 109, 111 (R.I. 2004). Moreover, we have held that laying the proper foundation for the admission of photographic evidence requires a witness to testify that the evidence

---

[3] Prior to the admission of the video evidence depicting the incident, Mr. Liverpool's counsel objected to its admission and the following exchange with the trial justice took place:

> "[DEFENSE COUNSEL]: Just an ongoing objection to the introduction of this.
>
> "THE COURT: I'm sorry, I can't give ongoing objections but what is your objection?
>
> "[DEFENSE COUNSEL]: We're talking about a video that I do not see and cannot state, and [the state] is going to play the video and ask the witness if it fairly and accurately reflects what happened that day and I think that would be okay but we're talking about something I don't have my eyes on."

Thereafter, the trial justice overruled defense counsel's objection and admitted the video evidence. This exchange between the trial justice and defense counsel lacks any indication that counsel objected to the video evidence's admission on the basis that it presented authenticity concerns as Mr. Liverpool now seeks to argue before this Court.

fairly and accurately represents facts that the witness personally observed. *Id.* After the complaining witness reviewed the video footage at the April 20, 2022 hearing, the state asked whether the footage she reviewed fairly and accurately depicted her experience with Mr. Liverpool on August 31, 2021, and she responded affirmatively. Therefore, we reject Mr. Liverpool's belated authentication challenge.

Additionally, we reject Mr. Liverpool's argument that the admission of the videos violated his Confrontation Clause rights. This Court has previously declined to apply to probation-revocation proceedings the rule announced in *Crawford v. Washington*, 541 U.S. 36 (2004): that courts may not admit prior, testimonial out-of-court statements of unavailable witnesses without providing the defendant an opportunity to cross-examine the source of that statement. *State v. Pompey*, 934 A.2d 210, 214 (R.I. 2007); *see Crawford*, 541 U.S. at 59. Moreover, Rule 101(b)(3) of the Rhode Island Rules of Evidence states that these rules do not apply to probation-violation proceedings. *See* R.I. R. Evid. 101(b)(3); *see also State v. Rioux*, 708 A.2d 895, 898 (R.I. 1998) ("This [C]ourt has held that strict application of the rules of evidence is not required at a probation-violation hearing."). We reject Mr. Liverpool's objection to the admission of this video evidence.

Finally, Mr. Liverpool asserts that the trial justice improperly relied on the Providence police's show-up proceeding. Mr. Liverpool describes this evidence as "highly suggestive" and argues that slight discrepancies existed between how the

- 9 -

complaining witness described Mr. Liverpool's clothing—black clothing versus gray sweatpants and red sandals versus red shoes—and the clothes he wore when the police apprehended him. Additionally, Mr. Liverpool emphasizes the distance between Mr. Liverpool and the complaining witness when she made the identification and the fact that the police had placed Mr. Liverpool in handcuffs for this procedure. Although Mr. Liverpool has identified several factors that could lead an individual to discount the weight of this evidence, we cannot conclude that the trial justice abused his discretion in finding that Mr. Liverpool violated the terms of his probation by a preponderance of the evidence. Additionally, our review of the transcript reveals that the trial justice did not substantially rely on this show-up procedure, if at all, and that he instead relied on the credible and consistent testimony of the complaining witness; Officer Sion; and the video footage offered by the state. We therefore reject Mr. Liverpool's assertion that the trial justice abused his discretion.

This Court is satisfied from our review of the record that the trial justice properly determined that Mr. Liverpool violated the terms of his probation. Therefore, we conclude that the trial justice did not err in reaching his determination.

**Conclusion**

Based on the foregoing, we affirm the judgment of conviction of the Superior Court and remand the record in this case.

- 10 -

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Anton Liverpool. |
| **Case Number** | No. 2022-298-C.A. (P2/17-694A) |
| **Date Opinion Filed** | May 29, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Sean Paul Malloy<br>Department of Attorney General<br><br>For Defendant:<br><br>Richard J. Ratcliffe, Esq. |